Docket No.: 1:20-cv-11120 - VEC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------------------------------------X

JAWARA HEADLEY, A/K/A and P/K/A BRINX BILLIONS, an Individual,

Plaintiff,

-against-

UMG RECORDING, INC. a Delaware Corporation, ONIKA TANYA MARAJ-PETTY, A/K/A NICKI MINAJ, individually, YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., a Delaware Corporation, CASH MONEY RECORDS, INC., a Louisiana Corporation, REPUBLIC RECORDS, INC., a Delaware Corporation and TOKYO NINJA, LLC., a Delaware Corporation,

Defendants.

------------------------------------------------------------------------------------------------------------X

**AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff JAWARA HEADLEY, a/k/a and p/k/a BRINX BILLIONS, through his undersigned attorneys, DRUMMOND & SQUILLACE, PLLC, hereby alleges as follows:

**THE PARTIES**

1.    That at all relevant times herein mentioned, Plaintiff JAWARA HEADLEY, a/k/a BRINX BILLIONS (hereinafter "Plaintiff") is a Songwriter, an Artist, a Music Producer/Composer, an Entertainer and a Rapper/Hip Hop Artist.

2.    That at all relevant times herein mentioned, Plaintiff is a resident of the State of Georgia.

3.    That at all relevant times herein mentioned, Plaintiff is the sole author/creator/composer/writer/producer of the musical composition/song entitled "*RICH SEX*" which was authored/created/composed/originated/written/produced by Plaintiff in the year 2016

1

or earlier, and, Plaintiff is the legal and/or beneficial owner of a copyright interest in and to the musical composition/song entitled *"RICH SEX"* and same song's accompanying lyrics, music, musical arrangement, musical notes, musical beat and musical rhythm contained in Plaintiff's song entitled *"RICH SEX"*.

4.     That at all relevant times herein mentioned, Plaintiff created, authored, composed, produced, wrote, originated and released his original, creative and unique musical composition/song/work entitled *"RICH SEX"* in or about the year 2016 and/or earlier.

5.     That at all relevant times herein mentioned, Plaintiff is the sole writer/author/creator/composer/producer of the musical composition/song entitled *"RICH SEX"*, and of same song's accompanying lyrics, music, musical arrangement, musical notes, beat, and rhythm contained in same, and is the legal and/or beneficial owner of a copyright interest in and to the musical composition/song entitled *"RICH SEX"*, and to same song's lyrics, music, musical arrangement, musical notes, beat, and rhythm contained therein, which was and is copyrighted with the United States Copyright Office under Copyright Registration Number PA0002241281; same Copyright Registration having been obtained by Plaintiff prior to the commencement of the within action.

6.     That all relevant times herein mentioned, Plaintiff is also known as, goes by the name of, creates under the name of, authors under the name of, sings/raps under the name of, performs under/as the name of and/or is otherwise also known as and/or professionally known as "BRINX BILLIONS" including, but not limited to, for Plaintiff's original, unique, creative, protected and copyrighted musical work/composition/song entitled *"RICH SEX"*.

7.     That at all relevant times herein mentioned, Plaintiff is a Songwriter, Musician, Music Composer, Producer and Recording Artist who individually wrote, created, originated and

authored the lyrics, words, lyrical phrases, music, musical arrangement, musical notes, musical beat and musical rhythm to/of Plaintiff's copyrighted work/song entitled *"RICH SEX"*.

8.      That at all relevant times herein mentioned, Plaintiff and Defendant NICKI MINAJ have known each other for years and formulated a friendship based in part on their mutual interest of Rap/Hip Hop music.

9.      That at all relevant times herein mentioned, from the early stages of their friendship, Defendant NICKI MINAJ knew, recognized, admitted and/or acknowledged to Plaintiff, and/or to others, that Plaintiff is/was a prolific, gifted and talented Songwriter, Producer, Rapper and Artist.

10.     That at all relevant times herein mentioned and upon information and belief, Defendant UMG RECORDING, INC. (hereinafter "UMG"), is an American record label/music industry conglomerate and a Delaware General Corporation/Partnership/Entity that is admitted and authorized to conduct business throughout the United States and, more specifically, is authorized to and does conduct business within the State of New York and has/maintains offices/headquarters/principal place of business in the County of New York, State of New York.

11.     That at all relevant times herein mentioned and upon information and belief, Defendant UMG is/was a subsidiary/subdivision of VIVENDI HOLDING I LLC. and has conducted and/or continues to conduct business throughout the United States and, more specifically, has conducted business and continues to conduct business within the State of New York and has and continues to maintain its offices/headquarters/principal place of business in the County of New York, State of New York.

12.     That at all relevant times herein mentioned and upon information and belief, Defendant UMG is/was the parent company of/parent record label of/owner/manager of, and/or has                supervision              and              control              of/over              its

3

subsidiaries/subdivisions/subdepartments/departments/subsidiary labels/subsidiary record labels including, but not limited to, Defendants YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., CASH MONEY RECORDS, INC. and REPUBLIC RECORDS, INC.

13.    That at all relevant times herein mentioned, Defendant UMG, acting in concert with Defendants YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., CASH MONEY RECORDS, INC. and REPUBLIC RECORDS, INC., and all these Defendants, acting together and/or in concert one another and in concert with Defendant ONIKA TANYA MARAJ-PETTY, a/k/a NICKI MINAJ (hereinafter "Defendant NICKI MINAJ"), created, released, produced, marketed, sold and distributed the album/Hip Hop album/Rap album entitled "*QUEEN*" which was released on or about August 10, 2018.

14.    That at all relevant times herein mentioned, Defendant UMG, acting in concert with Defendants YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., CASH MONEY RECORDS, INC. and REPUBLIC RECORDS, INC., and all of these Defendants, acting together and/or in concert one another and in concert with Defendant NICKI MINAJ, created, released, produced, marketed, sold and distributed the album/Hip Hop album/Rap album entitled "*QUEEN*" which contained, without Plaintiff's permission, authority and/or consent, Plaintiff's copyright, protected, original, unique and creative work/song entitled "*RICH SEX*" that Plaintiff wrote, created, authored, originated, composed, produced and released in or about the year 2016 or earlier; approximately two years prior to Defendants' unlawful taking and release of same in Defendants' infringing single/song bearing the very same title "RICH SEX" on/in Defendants' infringing album entitled "*QUEEN*"

4

which Defendants released on or about August 10, 2018.

15.     That at all relevant times herein mentioned, and upon information and belief, Defendants UMG, YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., CASH MONEY RECORDS, INC., REPUBLIC RECORDS, INC. and NICKI MINAJ, acted together and in concert with one another in the management, production, arrangement of music-sound recordation, music-video recordation, music-sound production, music-video production, live tour performances, live media performances, lyric composition, lyrical phrase composition, lyric and musical arrangements, musical note composition and arrangement and musical beath and rhythm composition and arrangement of/for/in furtherance of Defendant NICKI MINAJ's album entitled "*QUEEN*" which was released by all Defendants on or about August 10, 2018 and which contained, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, created, authored, written, composed, produced and released original, creative and unique musical composition/song/work/single entitled "*RICH SEX*" and Plaintiff's protected and copyrighted original, creative and unique accompanying lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained in same.

16.     That at all relevant times herein mentioned, and upon information and belief, Defendant UMG controlled, governed and/or managed all contractual and financial aspects involved in the management, production, creation, release, marketing, distribution, selling and promoting of Defendant NICKI MINAJ's album entitled "*QUEEN*" which same Defendant releases, authorized for release and/or caused to be released on or about August 10, 2018.

17.     That at all relevant times herein mentioned, and upon information and belief, Defendant NICKI MINAJ is an Artist, a Singer, an Entertainer, a Performer, a Recording Artist, a

Hip Hop Performer and/or a Rapper who resides in the State of California and, at all material times herein, is and was doing business in the State of New York within this Judicial District.

18.     That at all relevant times herein mentioned, and upon information and belief, Defendant NICKI MINAJ routinely and regularly conducted, and continues to conduct, business within the State of New York which includes, but is not limited to: same Defendant NICKI MINAJ's appearances on radio, television and other public forums promoting her album and her music; making efforts within the State of New York to promote her musical career; concerts; performances; placing and selling her albums and/or singles into the stream of commerce into the State of New York, from which and as a result of which same Defendant NICKI MINAJ has realized and continues to realize and receive substantial income/revenue/profits from the State of New York.

19.     That at all relevant times herein mentioned, and upon information and belief, Defendant NICKI MINAJ routinely/regularly appears and performs on radio, television and other public forums in the State of New York promoting her album, her singles, her music and her career, including her album entitled "*QUEEN*", and/or regularly makes efforts within the State of New York to promote her music and musical career; from which Defendant NICKI MINAJ has realized and received and continues to realize and receive substantial income/revenue/profits from the State of New York.

20.     That at all relevant times herein mentioned, and upon information and belief, Defendant NICKI MINAJ performs in the State of New York, continues to perform within the State of New York and has received and continues to receive significant financial compensation/income/revenue/profits from same performances in the State of New York.

21.     That at all relevant times herein mentioned, and upon information and belief,

Defendant NICKI MINAJ specifically sought, marketed, distributed and sold her music/albums/singles, and continues to do so and to sell her music/albums/singles, in the State of New York including, but not limited to, her album entitled *"QUEEN"* which was released and placed into the stream of commerce in and into the State of New York, on or about August 10, 2018, which contains Defendants' infringing song "RICH SEX" that takes, uses, copies and misappropriates Plaintiff's protected, copyrighted, original, unique and creative work/song *"RICH SEX"* that Plaintiff wrote, created, authored, originated, composed and produced in 2016 and/or earlier.

22.    That at all relevant times herein, mentioned and upon information and belief, Defendant NICKI MINAJ worked and/or appeared at various music studios within the State of New York including, but not limited to, Jungle City, Premier and Germano music studios located in New York, New York.

23.    That at all relevant times herein mentioned, and upon information and belief, Defendant NICKI MINAJ released a music/Hip Hop/Rap album entitled *"QUEEN"* on or about August 10, 2018 and same album contains Defendants' infringing song "RICH SEX" which, without Plaintiff's permission, authority and/or consent, contains/uses/takes/misappropriates Plaintiff's protected, copyrighted, original, unique and creative work/song *"RICH SEX"* that Plaintiff wrote, created, authored, originated, composed and produced in 2016 and/or earlier.

24.    That at all relevant times herein mentioned, and upon information and belief, Defendant NICKI MINAJ, in releasing her music album/Hip Hop album/Rap album entitled *"QUEEN"* on or about August 10, 2018 which contains Defendants' infringing song "RICH SEX" without Plaintiff's permission, authority and/or consent, specifically and intentionally and strategically targeted, marketed, promoted, distributed, sold and/or sought to sell her album

7

"*QUEEN*" and Defendants' infringing song "RICH SEX", due to the State of New York's large Hip Hop/Rap music consumption market/consumers, in and within the State of New York and/or to individuals whose residences are within the State of New York.

25.     That at all relevant times herein mentioned, and upon information and belief, Defendant NICKI MINAJ controlled, governed and/or managed all contractual and financial aspects involved in the management, production, creation, release, marketing, distribution, selling and promoting of Defendant NICKI MINAJ'S album entitled "*QUEEN*", which was released on or about August 10, 2018, and which contains, without Plaintiff's permission, authority and/or consent, Defendants' infringing song "RICH SEX" that takes, uses, copies and misappropriates Plaintiff's protected, copyrighted, original, unique and creative work/song "*RICH SEX*" that Plaintiff wrote, created, authored, originated, composed and produced in 2016 and/or earlier.

26.     That at all relevant times herein mentioned and upon information and belief, Defendant YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., is a Delaware Corporation that is admitted and authorized to conduct business throughout the United States and more specifically, is authorized to conduct, and does in fact conduct, business within the State of New York and has/maintains its offices/headquarters/principal place of business in the County of New York, State of New York and owned by, managed by, controlled by, is a record label within, is a subsidiary/subsidiary record label of, and/or is a department of/with Defendant UMG.

27.     That at all relevant times herein mentioned and upon information and belief, YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., is/was owned/managed/controlled and/or is a Subsidiary/Subdivision/Subdepartment/Department/Subsidiary Record Label and/or is an agent,

8

servant , associate, affiliate and/or employee of Defendant UMG, and same Defendant YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., acting in concert with Defendants UMG, CASH MONEY RECORDS, INC., REPUBLIC RECORDS, INC. and NICKI MINAJ released, distributed, marketed and sold throughout the United States and, more specifically, sold in the State of New York, Defendant NICKI MINAJ'S album/Hip Hop album/Rap album entitled *"QUEEN"* which was released on or about August 10, 2018 and which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

28.     That at all relevant times herein mentioned and upon information and belief, Defendant YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., controlled, governed and/or managed all contractual and financial aspects involved in the management, production, creation, release, marketing, distribution, selling and promoting of Defendant NICKI MINAJ'S album entitled *"QUEEN"* which was released on or about August 10, 2018 and which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

29.     That at all relevant times herein mentioned and upon information and belief, Defendant YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., was/is an American record label that had/has Defendant NICKI MINAJ as an Artist with/under Defendant's record label, and, same Defendant distributed, assisted in the distribution, sold, marketed, and assisted with the sales and marketing of Defendant NICKI MINAJ's album entitled *"QUEEN"* which was released on or about August 10, 2018 and which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

30.     That at all relevant times herein mentioned and upon information and belief, Defendant YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., routinely/regularly conducted and continues to conduct business within the State of New York which includes, but is not limited to, same Defendant's and/or its servants', agents', associates', affiliates', Artists' and/or employees' appearances on radio, television and other public forums promoting its business and/or albums and/or Artists and/or music; efforts made by same Defendant within the State of New York to promote its business and/or the musical careers, performances, albums, concerts, sales of same Defendant's Artists from which same Defendant has realized and received, and continues to realize and receive, substantial income from the State of New York.

31.     That at all relevant times herein mentioned and upon information and belief, Defendant YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG

MONEY          ENTERTAINMENT,          INC.,          and/or          its servants/agents/employees/associates/affiliates/Artists  routinely/regularly  appear  on  radio, television and other public forums in the State of New York promoting its business, music albums, concerts, performances, sales of its music and/or the careers of its Artists including Defendant NICKI MINAJ, her music and her Album entitled *"QUEEN"*; efforts made by same Defendant within the State of New York to promote the musical career of its Artists including Defendant NICKI MINAJ and her album *"QUEEN"* from which same Defendant has realized and received, and continues to realize and receive, substantial income from the State of New York.

32.    That at all relevant times herein mentioned and upon information and belief, Defendant YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., performs/transacts its business in the State of New York, continues to perform/transact its business within the State of New York, places its product into the stream of commerce into the State of New York, sells and distributes its product in the State of New York, receives income/revenue/profits from its business and the sale of its product from the State of New York and has received and continues to receive significant financial compensation from same performances/business/sales in the State of New York.

33.    That at all relevant times herein mentioned and upon information and belief, Defendant YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., specifically sought, marketed, distributed and/or sold music/albums/singles and continues to seek and sell music/albums/singles in the State of New York including, but not limited to, Defendant NICKI MINAJ'S album entitled *"QUEEN"* which was released on or about August 10, 2018 and which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced,

authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

34. That at all relevant times herein mentioned and upon information and belief, Defendant YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., worked, conducted business and/or appeared at various music studios within the State of New York and/or caused, assisted, booked, scheduled and/or otherwise aided Defendant NICKI MINAJ to appear, preform, record and/or work at various music studios in the State of New York including, but not limited to, Jungle City, Premier and Germano music studios located in New York, New York.

35. That at all relevant times herein mentioned and upon information and belief, Defendant YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., released, distributed and/or sold a music/Hip Hop/Rap album entitled *"QUEEN"* on or about August 10, 2018 which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

36. That at all relevant times herein mentioned and upon information and belief, Defendant YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., due to New York's large Hip/Hop and/or Rap music

consumption market/consumers, released the music album/Hip Hop album/Rap album entitled *"QUEEN"* on or about August 10, 2018 which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier and, in doing so, Defendant YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., specifically, intentionally and strategically targeted, marketed, promoted, distributed and/or sold same album *"QUEEN"* to consumers within the State of New York and/or to individuals whose residences are within the State of New York.

37.    That at all relevant times herein mentioned and upon information and belief, Defendant YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., controlled, governed and/or managed all contractual and financial aspects involved in the management, production, creation, release, marketing, distribution, selling and promoting of Defendant NICKI MINAJ'S album entitled *"QUEEN"* which was released on or about August 10, 2018 which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

38.    That at all relevant times herein mentioned and upon information and belief, CASH

13

MONEY RECORDS, INC., is a Louisiana Corporation that is admitted and authorized to conduct business throughout the United States and, more specifically, is authorized to conduct and does in fact conduct business within the State of New York and maintains/has its offices/headquarters/principal place of business in the County of New York, State of New York.

39.     That at all relevant times herein mentioned and upon information and belief, CASH MONEY RECORDS, INC., is/was owned/managed/controlled by and/or is a Subsidiary/Subdivision/Subdepartment/Department/Subsidiary Record Label and/or is an agent, servant, associate, affiliate and/or employee of Defendant UMG, and same Defendant CASH MONEY RECORDS, INC., acting in concert with Defendants UMG, YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., REPUBLIC RECORDS, INC. and NICKI MINAJ released, distributed, marketed and sold throughout the United States and, more specifically, sold in the State of New York, Defendant NICKI MINAJ'S album/Hip Hop album/Rap album entitled *"QUEEN"* which was released on or about August 10, 2018 and which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

40.     That at all relevant times herein mentioned and upon information and belief, Defendant CASH MONEY RECORDS, INC. controlled, governed and/or managed all contractual and financial aspects involved in the management, production, creation, release, marketing, distribution, selling and promoting of Defendant NICKI MINA'S album entitled *"QUEEN"* which

14

was released on or about August 10, 2018 and which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled "*RICH SEX*" and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

41.    That at all relevant times herein mentioned and upon information and belief, Defendant CASH MONEY RECORDS, INC., was/is an American record label that had/has as one of its Artists under/with same Defendant record label, Defendant NICKI MINAJ and Defendant CASH MONEY RECORDS, INC. distributed, assisted in the distribution, sold, marketed and assisted in the sales and marketing of Defendant NICKI MINAJ's album entitled "*QUEEN*" which was released on or about August 10, 2018 and which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled "*RICH SEX*" and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

42.    That at all relevant times herein mentioned and upon information and belief, Defendant CASH MONEY RECORDS, INC. routinely/regularly conducted and continues to conduct business within the State of New York which includes, but is not limited to, same Defendant's and/or its servants', agents', associates', affiliates', Artists' and/or employees' appearances on radio, television and other public forums in the State of New York promoting its business and/or albums and/or Artists and/or concerts/performances and/or music; efforts made by

15

same Defendant within the State of New York to promote its business, music, Artists and/or the musical careers of its Artists including Defendant NICKI MINAJ from which same Defendant has realized and received, and continues to realize and receive substantial income from the State of New York.

43.     That at all relevant times herein mentioned and upon information and belief, Defendant     CASH     MONEY     RECORDS,     INC.     and/or     its servants/agents/employees/associates/affiliates/Artists    routinely/regularly    appear   on   radio, television and other public forums in the State of New York promoting its business, music, albums, concerts, performances and/or the careers of its Artists including Defendant NICKI MINAJ, her music and her Album entitled *"QUEEN";* efforts made by same Defendant within the State of New York to promote its business, its music and the music/albums/concerts/performances/musical career of its Artists including Defendant NICKI MINAJ from which same Defendant has realized and received, and continues to realize and receive, substantial income from the State of New York.

44.     That at all relevant times herein mentioned and upon information and belief, Defendant CASH MONEY RECORDS, INC. performs/transacts/conducts its business in the State of New York, continues to perform/transact/conduct its business within the State of New York and has received and continues to receive significant financial compensation/income/revenue/profits from same business, sales and performances in the State of New York.

45.     That at all relevant times herein mentioned and upon information and belief, Defendant CASH MONEY RECORDS, INC. specifically sought, marketed, distributed and sold music/albums/singles and continues to seek and sell music/albums/singles in the State of New York including, but not limited to, Defendant NICKI MINAJ'S Album entitled *"QUEEN"* which was released on or about August 10, 2018 and which contains, without Plaintiff's permission,

authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled "*RICH SEX*" and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

46.     That at all relevant times herein mentioned and upon information and belief, Defendant CASH MONEY RECORDS, INC. worked, conducted business and/or appeared at various music studios within the State of New York and/or caused, assisted, aided, booked and/or scheduled Defendant NICKI MINAJ to appear, perform and/or work at various music studios in New York including, but not limited to, Jungle City, Premier and Germano music studios located in New York, New York.

47.     That at all relevant times herein mentioned and upon information and belief, Defendant CASH MONEY RECORDS, INC. released, distributed and/or sold a music/Hip Hop/Rap album entitled "*QUEEN*" on or about August 10, 2018 which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled "*RICH SEX*" and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

48.     That at all relevant times herein mentioned and upon information and belief, Defendant CASH MONEY RECORDS, INC., due to New York's large Hip/Hop and/or Rap music consumption market/consumers, released the music album/Hip Hop album/Rap album entitled "*QUEEN*" on or about August 10, 2018 which contains, without Plaintiff's permission, authority

and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier and, in doing so, Defendant CASH MONEY RECORDS, INC. specifically, intentionally and strategically targeted, marketed, promoted, distributed and/or sold same album *"QUEEN"* to consumers within the State of New York and/or to individuals whose residences are within the State of New York.

49.    That at all relevant times herein mentioned and upon information and belief, Defendant CASH MONEY RECORDS, INC. controlled, governed and/or managed all contractual and financial aspects involved in the management, production, creation, release, marketing, distribution, selling and promoting of Defendant NICKI MINAJ'S  album entitled *"QUEEN"* which was released on or about August 10, 2018 which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

50.    That at all relevant times herein mentioned and upon information and belief, REPUBLIC RECORDS, INC. is a Delaware Corporation that is admitted and authorized to conduct business throughout the United States and, more specifically, is authorized to conduct and does in fact conduct business within the State of New York and has/maintains its offices/headquarters/principal place of business in the County of New York, State of New York.

51.     That at all relevant times herein mentioned and upon information and belief,
REPUBLIC    RECORDS,    INC.    is/was    owned/managed/controlled    by    and/or    is    a
Subsidiary/Subdivision/Subdepartment/Department/Subsidiary Record Label and/or is an agent,
servant, associate, affiliate and/or employee of Defendant UMG, and same Defendant REPUBLIC
RECORDS,    INC.,    acting    in    concert    with    Defendants    UMG,    YOUNG    MONEY
ENTERTAINMENT,    LLC    d/b/a,    p/k/a,    a/k/a    and/or    f/k/a    YOUNG    MONEY
ENTERTAINMENT, INC., CASH MONEY RECORDS, INC. and NICKI MINAJ  released,
distributed, marketed and sold throughout the United States and, more specifically, sold in the
State of New York, Defendant NICKI MINAJ'S album/Hip Hop album/Rap album entitled
*"QUEEN"* which was released on or about August 10, 2018 and which contains, without
Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written,
created, composed, produced, authored, released original, creative and unique musical
composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical
notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff
created and authored in or about the year 2016 and/or earlier.

52.     That at all relevant times herein mentioned and upon information and belief,
Defendant REPUBLIC RECORDS, INC. controlled, governed and/or managed all contractual and
financial aspects involved in the management, production, creation, release, marketing,
distribution, selling and promoting of Defendant NICKI MINAJ'S  album entitled *"QUEEN"*
which was released on or about August 10, 2018 which contains, without Plaintiff's permission,
authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced,
authored, released original, creative and unique musical composition/song/work/single entitled
*"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical

beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

53.    That at all relevant times herein mentioned and upon information and belief, Defendant REPUBLIC RECORDS, INC. was/is an American record label that had/has as one of its Artists under/with same Defendant record label, Defendant NICKI MINAJ and Defendant REPUBLIC RECORDS, INC. distributed, assisted in the distribution, sold, marketed and assisted in the sales and marketing of Defendant NICKI MINAJ's album entitled *"QUEEN"* which was released on or about August 10, 2018 and which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

54.    That at all relevant times herein mentioned and upon information and belief, Defendant REPUBLIC RECORDS, INC. routinely/regularly conducted and continues to conduct business within the State of New York which includes, but is not limited to, same Defendant's and/or its servants', agents', associates', affiliates', Artists' and/or employees' appearances on radio, television and other public forums in the State of New York promoting its business and/or albums and/or Artists and/or concerts/performances and/or music; efforts made by same Defendant within the State of New York to promote its business, music, Artists and/or the musical careers of its Artists including Defendant NICKI MINAJ from which same Defendant has realized and received, and continues to realize and receive substantial income from the State of New York.

55.    That at all relevant times herein mentioned and upon information and belief,

Defendant        REPUBLIC        RECORDS,        INC.        and/or        its
servants/agents/employees/associates/affiliates/Artists    routinely/regularly    appear    on    radio,
television and other public forums in the State of New York promoting its business, music, albums,
concerts, performances and/or the careers of its Artists including Defendant NICKI MINAJ, her
music and her Album entitled *"QUEEN";* efforts made by same Defendant within the State of
New York to promote its business, its music and the music/albums/concerts/performances/musical
career of its Artists including Defendant NICKI MINAJ from which same Defendant has realized
and received, and continues to realize and receive, substantial income from the State of New York.

56.     That at all relevant times herein mentioned and upon information and belief,
Defendant REPUBLIC RECORDS, INC. performs/transacts/conducts its business in the State of
New York, continues to perform/transact/conduct its business within the State of New York and
has received and continues to receive significant financial compensation/income/revenue/profits
from same business, sales and performances in the State of New York.

57.     That at all relevant times herein mentioned and upon information and belief,
Defendant REPUBLIC RECORDS, INC. specifically sought, marketed, distributed and sold
music/albums/singles and continues to seek and sell music/albums/singles in the State of New
York including, but not limited to, Defendant NICKI MINAJ'S Album entitled *"QUEEN"* which
was released on or about August 10, 2018 and which contains, without Plaintiff's permission,
authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced,
authored, released original, creative and unique musical composition/song/work/single entitled
*"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical
beats and musical rhythm contained therein that Plaintiff created and authored in or about the year
2016 and/or earlier.

58.     That at all relevant times herein mentioned and upon information and belief, Defendant REPUBLIC RECORDS, INC. worked, conducted business and/or appeared at various music studios within the State of New York and/or caused, assisted, aided, booked and/or scheduled Defendant NICKI MINAJ to appear, perform and/or work at various music studios in New York including, but not limited to, Jungle City, Premier and Germano music studios located in New York, New York.

59.     That at all relevant times herein mentioned and upon information and belief, Defendant REPUBLIC RECORDS, INC. released, distributed and/or sold a music/Hip Hop/Rap album entitled *"QUEEN"* on or about August 10, 2018 which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

60.     That at all relevant times herein mentioned and upon information and belief, Defendant REPUBLIC RECORDS, INC., due to New York's large Hip/Hop and/or Rap music consumption market/consumers, released the music album/Hip Hop album/Rap album entitled *"QUEEN"* on or about August 10, 2018 which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier and, in doing so, Defendant REPUBLIC RECORDS, INC. specifically, intentionally

and strategically targeted, marketed, promoted, distributed and/or sold same album *"QUEEN"* to consumers within the State of New York and/or to individuals whose residences are within the State of New York.

61.    That at all relevant times herein mentioned and upon information and belief, Defendant REPUBLIC RECORDS, INC. controlled, governed and/or managed all contractual and financial aspects involved in the management, production, creation, release, marketing, distribution, selling and promoting of Defendant NICKI MINAJ'S  album entitled *"QUEEN"* which was released on or about August 10, 2018 which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

62.    That at all relevant times herein mentioned and upon information and belief, Defendant TOKYO NINJA, LLC. is a Delaware Corporation that is admitted and authorized to conduct business throughout the United States and, more specifically, is authorized to conduct and does in fact conduct business within the State of New York and has/maintains its offices/headquarters/principal place of business within the State of New York.

63.    That at all relevant times herein mentioned, Defendant TOKYO NINJA, LLC is owned/managed/controlled by and/or is a company, corporation, limited liability company and/or business entity of/owned by Defendant NICKI MINAJ.

64.    That at all relevant times herein mentioned and upon information and belief, TOKYO    NINJA,    LLC    is/was    owned/managed/controlled    by    and/or    is    a

23

Subsidiary/Subdivision/Subdepartment/Department/Subsidiary Record Label and/or is an agent, servant, associate, affiliate and/or employee of Defendants NICKI MINAJ, UMG, YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., CASH MONEY RECORDS, INC. and/or REPUBLIC RECORDS, INC. and same Defendant TOKYO NINJA, LLC, acting in concert with Defendants NICKI MINAJ, UMG, YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., CASH MONEY RECORDS, INC. and/or REPUBLIC RECORDS, INC., released, distributed, marketed and sold throughout the United States and, more specifically, sold in the State of New York, Defendant NICKI MINAJ'S album/Hip Hop album/Rap album entitled *"QUEEN"* which was released on or about August 10, 2018 and which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

65.    That at all relevant times herein mentioned and upon information and belief, Defendant TOKYO NINJA, LLC. controlled, governed and/or managed for Defendant NICKI MINAJ, all contractual and financial aspects involved in the management, production, creation, release, marketing, distribution, selling and promoting of Defendant NICKI MINAJ'S album entitled *"QUEEN"* which was released on or about August 10, 2018 which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical

24

notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

66.     That at all relevant times herein mentioned and upon information and belief, Defendant TOKYO NINJA, LLC. was/is an American record label that had/has as one of its Artists under/with same Defendant record label, Defendant NICKI MINAJ and Defendant TOKYO NINJA, LLC received on behalf of and/or held, governed and controlled on behalf of Defendant NICKI MINAJ, the financial compensation, income, revenues and profits Defendant NICKI MINAJ received and continues to receive to present date from the marketing, merchandising, distributing and selling of Defendant NICKI MINAJ's album *"QUEEN"* and her infringing song "RICH SEX" which contain, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

67.     That at all relevant times herein mentioned and upon information and belief, Defendant TOKYO NINJA, LLC. routinely/regularly conducted and continues to conduct business within the State of New York which includes, but is not limited to, same Defendant's and/or its servants', agents', associates', affiliates', Artists' and/or employees' appearances on radio, television and other public forums in the State of New York promoting its business and/or albums and/or Artists and/or concerts/performances and/or music; efforts made by same Defendant within the State of New York to promote its business, music, Artists and/or the musical careers of its Artists including Defendant NICKI MINAJ from which same Defendant has realized and received, and continues to realize and receive substantial income from the State of New York.

68.     That at all relevant times herein mentioned and upon information and belief, Defendant        TOKYO            NINJA,          LLC.            and/or         its servants/agents/employees/associates/affiliates/Artists   routinely/regularly   appear   on   radio, television and other public forums in the State of New York promoting its business, music, albums, concerts, performances and/or the careers of its Artists including Defendant NICKI MINAJ, her music and her Album entitled *"QUEEN";* efforts made by same Defendant within the State of New York to promote its business, its music and the music/albums/concerts/performances/musical career of its Artists including Defendant NICKI MINAJ from which same Defendant has realized and received, and continues to realize and receive, substantial income from the State of New York.

69.     That at all relevant times herein mentioned and upon information and belief, Defendant TOKYO NINJA, LLC. performs/transacts/conducts its business in the State of New York, continues to perform/transact/conduct its business within the State of New York and has received and continues to receive significant financial compensation/income/revenue/profits from same business, sales and performances in the State of New York.

70.     That at all relevant times herein mentioned and upon information and belief, Defendant TOKYO NINJA, LLC. specifically sought, marketed, distributed and sold music/albums/singles and continues to seek and sell music/albums/singles in the State of New York including, but not limited to, Defendant NICKI MINAJ'S songs, albums, singles, concerts, tours and/or performances including, but not limited to, Defendant NICKI MINAJ's album entitled *"QUEEN"* which was released on or about August 10, 2018 and which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical

26

notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

71.     That at all relevant times herein mentioned and upon information and belief, Defendant TOKYO NINJA, LLC. worked, conducted business and/or appeared at various music studios within the State of New York and/or caused, assisted, aided, booked and/or scheduled Defendant NICKI MINAJ to appear, perform and/or work at various music studios in New York including, but not limited to, Jungle City, Premier and Germano music studios located in New York, New York.

72.     That at all relevant times herein mentioned and upon information and belief, Defendant TOKYO NINJA, LLC., through, by and/or with the assistance of its owner/agent/servant/employee Defendant NICKI MINAJ, worked and/or appeared at various music studios within the State of New York and/or caused, assisted, aided, booked and/or scheduled Defendant NICKI MINAJ to appear and/or work at various music studios in New York which includes, but is not limited to, Jungle City, Premier and Germano music studios located in New York, New York.

73.     That at all relevant times herein mentioned and upon information and belief, Defendant TOKYO NINJA, LLC., through, by and/or with the assistance of its owner/agent/servant/employee Defendant NICKI MINAJ, released and sold a music/Hip Hop/Rap album entitled *"QUEEN"* on or about August 10, 2018 which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical

27

notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

74.    That at all relevant times herein mentioned and upon information and belief, Defendant TOKYO NINJA, LLC., by and through its owner/agent/servant/employee Defendant NICKI MINAJ, due to New York's large Hip/Hop and/or Rap music consumption market/consumers, released the music album/Hip Hop album/Rap album entitled *"QUEEN"* on or about August 10, 2018 which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier and, in doing so, Defendant TOKYO NINJA, LLC specifically, intentionally and strategically targeted, marketed, promoted, distributed and/or sold same album *"QUEEN"* to consumers within the State of New York and/or to individuals whose residences are within the State of New York.

75.    That at all relevant times herein mentioned and upon information and belief, Defendant TOKYO NINJA, LLC., through and by its owner/agent/servant/employee Defendant NICKI MINAJ, controlled, governed and/or managed all contractual and financial aspects involved in the management, production, creation, release, marketing, distribution, selling and promoting of Defendant NICKI MINAJ'S  album entitled *"QUEEN"* which was released on or about August 10, 2018 which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical

28

rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

76.     That at all relevant times herein mentioned and upon information and belief, TOKYO NINJA, LLC. is a Delaware Corporation that is admitted and authorized to conduct business throughout the United States and, more specifically, is authorized to conduct business and does in fact conduct business within the State of New York by and through its owner/agent/servant/employee   Defendant   NICKI   MINAJ   who   has/maintains offices/headquarters/principal place of business in the County of New York, State of New York.

77.     That at all relevant times herein mentioned and upon information and belief, TOKYO NINJA, LLC., through and by its owner/agent/servant/employee Defendant NICKI MINAJ,       is/was       owned/managed/controlled       by       and/or       is       a Subsidiary/Subdivision/Subdepartment/Department/Subsidiary Record Label and/or is an agent, servant, associate, affiliate and/or employee of Defendant UMG and same Defendant TOKYO NINJA, LLC, acting in concert with Defendants NICKI MINAJ, UMG, YOUNG MONEY ENTERTAINMENT,   LLC   d/b/a,   p/k/a,   a/k/a   and/or   f/k/a   YOUNG   MONEY ENTERTAINMENT, INC., CASH MONEY RECORDS, INC. and/or REPUBLIC RECORDS, INC., released, distributed, marketed and sold throughout the United States and, more specifically, sold in the State of New York, Defendant NICKI MINAJ'S album/Hip Hop album/Rap album entitled *"QUEEN"* which was released on or about August 10, 2018 and which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical

notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

78.     That at all relevant times herein mentioned and upon information and belief, Defendant TOKYO NINJA, LLC., through and by its owner/agent/servant/employee, Defendant NICKI MINAJ controlled, governed and/or managed for Defendant NICKI MINAJ, all contractual and financial aspects involved in the management, production, creation, release, marketing, distribution, selling and promoting of Defendant NICKI MINAJ'S  album entitled *"QUEEN"* which was released on or about August 10, 2018 which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

79.     That at all relevant times herein mentioned and upon information and belief, Defendant TOKYO NINJA, LLC., through and by its owner/agent/servant/employee Defendant NICKI MINAJ, routinely/regularly conducted and continues to conduct business within the State of New York which includes, but is not limited to, same Defendant's and/or its servants', agents', associates', affiliates', Artists' and/or employees' appearances on radio, television and other public forums in the State of New York promoting its business and/or albums and/or Artists and/or concerts/performances and/or music; efforts made by same Defendant within the State of New York to promote its business, music, Artists and/or the musical careers of its Artists including Defendant NICKI MINAJ from which same Defendant has realized and received, and continues to realize and receive substantial income from the State of New York.

80.    That at all relevant times herein mentioned and upon information and belief, Defendant TOKYO NINJA, LLC, by and through its owner/servant/agent/employee Defendant NICKI MINAJ, routinely/regularly appear on radio, television and other public forums in the State of New York promoting its business, music, albums, concerts, performances and/or the careers of its Artists including Defendant NICKI MINAJ, her music and her Album entitled *"QUEEN";* efforts made by same Defendant within the State of New York to promote its business, its music and the music/albums/concerts/performances/musical career of its Artists including Defendant NICKI MINAJ from which same Defendant has realized and received, and continues to realize and receive, substantial income from the State of New York.

81.    That at all relevant times herein mentioned and upon information and belief, Defendant TOKYO NINJA, LLC., through and by its owner/agent/servant/employee Defendant NICKI MINAJ, performs/transacts/conducts its business in the State of New York, continues to perform/transact/conduct its business within the State of New York and has received and continues to receive significant financial compensation/income/revenue/profits from same business, sales and performances in the State of New York.

82.    That at all relevant times herein mentioned and upon information and belief, Defendant TOKYO NINJA, LLC., through and by its owner/agent/servant/employee Defendant NICKI MINAJ, specifically sought, marketed, distributed and sold music/albums/singles and continues to seek and sell music/albums/singles in the State of New York including, but not limited to, Defendant NICKI MINAJ'S  songs, albums, singles, concerts, tours and/or performances including, but not limited to, Defendant NICKI MINAJ's album entitled *"QUEEN"* which was released on or about August 10, 2018 and which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored,

31

released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

83.   That at all relevant times herein mentioned and upon information and belief, Defendant TOKYO NINJA, LLC., through and by its owner/agent/servant/employee Defendant NICKI MINAJ, worked, conducted business and/or appeared at various music studios within the State of New York and/or caused, assisted, aided, booked and/or scheduled Defendant NICKI MINAJ to appear, perform and/or work at various music studios in New York including, but not limited to, Jungle City, Premier and Germano music studios located in New York, New York.

84.   That at all relevant times herein mentioned and upon information and belief, Defendant TOKYO NINJA, LLC., through and by its owner/agent/servant/employee Defendant NICKI MINAJ, released and sold a music/Hip Hop/Rap album entitled *"QUEEN"* on or about August 10, 2018 which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

85.   That at all relevant times herein mentioned and upon information and belief, Defendant TOKYO NINJA, LLC., through and by its owner/agent/servant/employee Defendant NICKI MINAJ, due to New York's large Hip/Hop and/or Rap music consumption market/consumers, released the music album/Hip Hop album/Rap album entitled *"QUEEN"* on or

about August 10, 2018 which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier and, in doing so, Defendant TOKYO NINJA, LLC., through and by its owner/agent/servant/employee Defendant NICKI MINAJ, specifically, intentionally and strategically targeted, marketed, promoted, distributed and/or sold same album *"QUEEN"* to consumers within the State of New York and/or to individuals whose residences are within the State of New York.

86.    That at all relevant times herein mentioned and upon information and belief, Defendant TOKYO NINJA, LLC., through and by its owner/agent/servant/employee, Defendant NICKI MINAJ, controlled, governed and/or managed all contractual and financial aspects involved in the management, production, creation, release, marketing, distribution, selling and promoting of Defendant NICKI MINAJ'S album entitled *"QUEEN"* which was released on or about August 10, 2018 and which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

## FACTUAL AND GENERAL ALLEGATIONS

87.     In 2016 or earlier, Plaintiff wrote, created, authored, owned, originated, composed and produced for himself and/or his own album, his original, creative and unique musical work/musical composition/song entitled *"RICH SEX"* and the accompanying music, musical notes, musical arrangement, musical beats, musical rhythm, lyrics and lyrical phrases contained therein.   Plaintiff's song *"RICH SEX"* and its accompanying lyrics and music/musical notes/musical arrangement/musical beats and musical rhythm is distinctly Plaintiff's with its own unique phraseology, lyrics, meaning, linguistic combinations, musical arrangements, musical notes, musical beats and musical rhythm using Rap and/or Hip Hop/"street life" dialect/manner of speaking and/or communicating and using main stream practical experiences and uniquely and creatively mixing same with the English language presented in a song/Rap song/Hip Hop song.

88.     Plaintiff had a long-standing relationship with Defendant NICKI MINAJ as, based upon information and belief, they met on MySpace in or around the year 2007, they both lived and/or were from Queens, New York and both shared a love of Rap and Hip/Hop music.

89.     Defendant NICKI MINAJ personally knew of and had knowledge of Plaintiff's rapping/artistic/song writing, Hip Hop and/or Rap and/or Trap music style, his musical arrangement and composing ability and his unique phraseology and ability to linguistically combine Hip Hop//Rap/street life dialect/manner of speaking and/or communicating and mixing same with the English language to create unique, original and creative songs and music.

90.     In addition, Defendant NICKI MINAJ, in a number of public forums acknowledged that she had/has a longstanding relationship with Plaintiff and has further acknowledged that Plaintiff is a gifted Artist/Songwriter/Composer/Producer/Hip Hop artist/Rapper/Trap music Artist/Music Producer.

34

100.    In 2016 or earlier, Plaintiff allowed Defendant NICKI MINAJ to listen to Plaintiff's protected and copyrighted original, creative and unique song/Rap song/Hip Hop song entitled *"RICH SEX"* that he wrote, composed, arranged and produced for himself and for his own album, and, Defendant NICKI MINAJ upon listening to same immediately admitted/acknowledged to Plaintiff that his song *"RICH SEX"* was a hit, was extremely marketable and would be a global commercial success.

101.    In 2016 or earlier, after Plaintiff allowed Defendant NICKI MINAJ to listen to Plaintiff's protected and copyrighted original, creative and unique song/Rap song/Hip Hop song entitled *"RICH SEX"* that he wrote and produced for himself and for his own album, Defendant NICKI MINAJ asked Plaintiff for a copy of his song *"RICH SEX",* a copy of which Plaintiff provided Defendant NICKI MINAJ which included Plaintiff's original, unique and creative lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained in and accompanying Plaintiff's song *"RICH SEX".*

102.    Plaintiff created, wrote, authored, originated, composed, arranged and produced his song *"RICH SEX"* and its original, unique and creative lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained in same song for his own album and/or as his own single, and, Plaintiff advised Defendant NICKI MINAJ that he created his song *"RICH SEX"* to release same on his own album and/or as his own single.

103.    Plaintiff did not authorize or permit Defendant NICKI MINAJ and/or any of the other named Defendants herein, nor Defendants' agents/servants/licensees/affiliates/associates/subsidiaries/parent companies/record labels/employees to take, use, usurp, appropriate, misappropriate, alter, modify, change, adopt, distribute, licensee, perform, record, sell, market, copy and/or otherwise use Plaintiff's unique,

original and creative song *"RICH SEX"* nor any of the lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained in same, in whole or in part for any purpose.

104.    Plaintiff did not authorize or permit Defendant NICKI MINAJ and/or any of the other named Defendants herein, nor Defendants' agents/servants/licensees/affiliates/associates/subsidiaries/parent companies/record labels/employees to place, use and/or implement Plaintiff's unique, original and creative song *"RICH SEX"* nor any of the lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained in same, in whole or in part, on Defendant NICKI MINAJ"S album entitled *"QUEEN"* nor to be released as a single by Defendant NICKI MINAJ.

105.    Plaintiff did not authorize or permit Defendant NICKI MINAJ and/or any of the other named Defendants herein, nor Defendants' agents/servants/licensees/affiliates/associates/subsidiaries/parent companies/record labels/employees to place, use and/or implement Plaintiff's unique, original and creative song *"RICH SEX"* nor any of the lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained in same, in whole or in part, on Defendant NICKI MINAJ"S album entitled *"QUEEN"* nor to be released as a single by Defendant NICKI MINAJ nor by Defendants UMG, YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., CASH MONEY RECORDS, INC., REPUBLIC RECORDS, INC. and/or TOKYO NINJA, LLC.

**Defendants' Infringement of Plaintiff's Work**

106.    That at all relevant times herein mentioned, and upon information and belief, Defendants in or about June 11, 2018, in their individual and respective capacities and acting in

concert with each other, in violation of the 1978 Copyright Act, infringed upon Plaintiff's copyrighted work entitled *"RICH SEX"*, which is copyrighted with the United States Copyright Office under Copyright Registration Number PA0002241281, by taking, copying, using and misappropriating same as the first promotional single from and for Defendant NICKI MINAJ's album entitled *"QUEEN"* which was released by Defendants acting in concert with each other on or about August 10, 2018; unlawfully releasing Defendants' infringing song bearing the very same title "RICH SEX" on Defendants' album *"QUEEN"* which contains, without Plaintiff's permission, authority and/or consent, Plaintiff's copyrighted, protected, written, created, composed, produced, authored, released original, creative and unique musical composition/song/work/single entitled *"RICH SEX"* and its lyrics, lyrical phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein that Plaintiff created and authored in or about the year 2016 and/or earlier.

107.    That at all relevant times herein mentioned, and upon information and belief, a side-by-side comparison of Plaintiff's copyrighted and protected work entitled *"RICH SEX"* to Defendants' infringing song "RICH SEX", both lyrically and musically, demonstrates that Defendants' infringing song is identical, the same as, substantially identical and/or substantially and strikingly similar to Plaintiff's copyrighted work/song entitled *"RICH SEX"*. *Annexed hereto and made a part hereof as Exhibit "A" is a CD containing copies of both Plaintiff's copyrighted work "RICH SEX" and Defendants' infringing song "RICH SEX".*

108.    That at all relevant times herein mentioned, and upon information and belief, separate and apart from and in addition to Defendants' taking, using and copying Plaintiff's underlying music, musical notes, musical arrangement/beats/rhythms from Plaintiff's copyrighted and protected work *"RICH SEX"*, Defendants individually and acting in concert with each other,

took, used and copied Plaintiff's original, creative and unique lyrics and lyrical phrases including,

but not limited to, Plaintiff's unique, creative and original lyrics/lyrical phrases contained in the

repeated chorus of Plaintiff's copyrighted work/song that Defendants' took and placed verbatim

in Defendants' infringing song as Defendants' repeated chorus:

| Lyrical Phrase Comparison | |
| --- | --- |
| **PLAINTIFF'S COPYRIGHTED WORK/SONG** <br> ***"RICH SEX"*** | **DEFENDANTS' INFRINGING** <br> **WORK/SONG** <br> **"RICH SEX"** |
| "If you know your p---y worth a Benz truck <br> (Rich Sex) <br> Don't let homie f---k unless his bands up <br> (Rich Sex) <br> Go to DR, get that fat transfer <br> (Rich Sex) <br> It ain't such a thing as broke and handsome <br> (Rich Sex) <br> If you let that broke n---a f---k, we tellin' <br> (Rich Sex) <br> If you let that broke n---a f---k, we tellin' <br> (Rich Sex) <br> If you let that broke n---a f---k, we tellin' <br> (Rich Sex) <br> If you let that broke n---a f---k, we tellin' <br> (Rich Sex) | "If you know your p---y worth a Benz truck <br> (Rich Sex) <br> Don't let homie f---k unless his bands up <br> (Rich Sex) <br> Go to DR, get that fat transfer <br> (Rich Sex) <br> It ain't such a thing as broke and handsome <br> (Rich Sex) <br> If you let that broke n---a f---k, we tellin' <br> (Rich Sex) <br> If you let that broke n---a f---k, we tellin' <br> (Rich Sex) <br> If you let that broke n---a f---k, we tellin' <br> (Rich Sex) <br> If you let that broke n---a f---k, we tellin' <br> (Rich Sex) |
| | |

See Exhibit "A", CD containing copies of both Plaintiff's copyrighted work *"RICH SEX"* and

Defendants' infringing song "RICH SEX".

109.    That at all relevant times herein mentioned, and upon information and belief,

Defendants in their individual and respective capacities and acting in concert with each other, gave

clearance and approval for the release, distribution and sale of Defendants' infringing work/song

"RICH SEX" both as a promotional single for and as a song in Defendant NICKI MINAJ'S album

entitled *"QUEEN"* which Defendants' released on or about August 10, 2018 without Plaintiff's

permission, authority and/or consent and without due credit and/or compensation to Plaintiff for

Defendants' use of Plaintiff's copyrighted work *"RICH SEX"* in Defendants' infringing song/work "RICH SEX".

110.  That at all relevant times herein mentioned, and upon information and belief, Defendants gave clearance and approval for the production, marketing, sales, promotion and distribution of Defendants' infringing work/song "RICH SEX" throughout the world and, more specifically, into and throughout the State of New York because of New York's large Hip/Hop and/or Rap music consumption market/consumers, and Defendants further placed their infringing work/song "RICH SEX", and the album *"QUEEN"* containing said infringing song, into the New York and world-wide entertainment/music marketplace and stream of commerce.

111.  That at all relevant times herein mentioned, and upon information and belief, Defendant UMG was/is contractually engaged in the production, manufacture, world-wide distribution and sales of music works/songs/albums/videos written and/or produced by Defendants NICKI MINAJ, YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., CASH MONEY RECORDS, INC., REPUBLIC RECORDS, INC. and/or TOKYO NINJA, LLC herein under and pursuant to their individual and/or collective artist-label, subsidiary label-parent label and/or producer-label relationships with Defendant UMG including, but not limited to, for and in connection with Defendants' infringing work/song "RICH SEX".

112.  That at all relevant times herein mentioned, and upon information and belief, Defendants, individually and/or collectively, and/or acting in concert with one another, directly presided over, managed, governed, operated and/or controlled any, part of and/or all creative, financial and contractual aspects and undertakings involved in the contractual creation, production, marketing, merchandising, sales and distribution of Defendants' infringing work/song "RICH

SEX".

113.   That at all relevant times herein mentioned, and upon information and belief, Defendants YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., CASH MONEY RECORDS, INC., REPUBLIC RECORDS, INC. and/or TOKYO NINJA, LLC are/were subdivisions, subsidiaries, labels, subsidiary record labels and/or departments of/with/under Defendant UMG including regarding the production, manufacture, sales and world-wide distribution of Defendants' infringing work/song "RICH SEX".

114.   That at all relevant times herein mentioned, and upon information and belief, Defendant NICKI MINAJ is/was contractually signed as a music/recording Artist to/with Defendants UMG, YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., CASH MONEY RECORDS, INC., REPUBLIC RECORDS, INC. and/or TOKYO NINJA, LLC including, but not limited to, for and in connection with the production, manufacture, sales and world-wide distribution of Defendants' infringing work/song "RICH SEX" and/or their album *"QUEEN"*.

115.   That at all relevant times herein mentioned, and upon information and belief, Defendant UMG knew of and/or had reason to know of and/or cleared and approved, directly and/or by way of its labels/departments/subdivisions/subsidiaries including, but not limited to, Defendants YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., CASH MONEY RECORDS, INC., REPUBLIC RECORDS, INC., NICKI MINAJ and/or TOKYO NINJA, LLC, the contractual retainers/agreements/contracts of all collaborating songwriters and/or collaborating producers engaged by Defendant NICKI MINAJ for Defendants' infringing work/song "RICH SEX" and/or

for the album *"QUEEN"*.

116.    That at all relevant times herein mentioned and upon information and belief, Defendant UMG knew of and/or had reason to know of, and/or cleared and approved, directly and/or by way of Defendants YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., CASH MONEY RECORDS, INC., REPUBLIC RECORDS, INC., NICKI MINAJ and/or TOKYO NINJA, LLC, the contractual retainers/agreements/contracts of the other named Defendants herein and/or other unnamed third-parties to write, collaborate, create and/or produce Defendants' infringing work/song "RICH SEX" and/or the album *"QUEEN"* and/or to assist in/participate in the writing, collaborating, creating and/or producing of same.

117.    That at all relevant times herein mentioned and upon information and belief, Defendant UMG knew of and/or had reason to know of and/or cleared and approved, directly and/or by way of Defendants YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., CASH MONEY RECORDS, INC., REPUBLIC RECORDS, INC., NICKI MINAJ and/or TOKYO NINJA, LLC, those contractual retainers/agreements/contracts with/for Defendant NICKI MINAJ and/or the other named Defendants and/or third parties, in furtherance of Defendants' music-sound recordation, music-video recordation, music-sound production, music-video production and the overall creation, production, distribution, marketing, promotion, selling and releasing of Defendants' infringing work/song "RICH SEX" and/or their album *"QUEEN"*.

118.    That at all relevant times herein mentioned, and upon information and belief, Defendant NICKI MINAJ performed and continues to perform Defendants' infringing work/song "RICH SEX" and Defendants continue to sell, distribute and/or otherwise generate

revenue/income/sales/profits from Defendants' infringing work/song "RICH SEX" and from their infringing album *"QUEEN"* to present date.

119.    That at all relevant times herein mentioned and upon information and belief, Defendant UMG, through its labels/subdivisions/departments/subsidiaries Defendants YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., CASH MONEY RECORDS, INC., REPUBLIC RECORDS, INC. and/or TOKYO NINJA, LLC., knew and/or had reasons to know of and/or managed, governed and/or controlled the hiring of any and all third party music, lyric and/or production professionals engaged by Defendants for songwriting, music-audio sound production and arrangement, video-music sound production and arrangement and/or songwriting production and/or arrangement for Defendants' infringing work/song "RICH SEX" and/or for their album *"QUEEN"*.

120.    That at all relevant times herein mentioned and upon information and belief, Defendants maintained and continue to maintain and have/own a significant degree of contractual and/or financial interest in any and all underlying and/or resulting legal ownership rights including, but not limited to, those obtained by/through copyright protections initiated and/or held, individually or jointly, by Defendants NICKI MINAJ, YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., CASH MONEY RECORDS, INC., REPUBLIC RECORDS, INC. and/or TOKYO NINJA, LLC, and/or by any third parties related thereto and/or any of the other named Defendants herein, in connection with the creating, producing, marketing, selling, releasing, performing and/or distributing of Defendants' infringing work/song "RICH SEX" and their album *"QUEEN"*.

121.    That at all relevant times herein mentioned, and upon information and belief, Defendant NICKI MINAJ owns, manages, controls and/or operates Defendant TOKYO NINJA,

42

LLC as a corporate vehicle through which Defendant NICKI MINAJ enters into professional entertainment contracts, partnerships, businesses and/or agreements with third-party entities and which houses or processes any revenue generated therefrom including, but not limited to, same Defendant's contract/agreement/business agreement/contractual relationship with Defendants UMG, YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., CASH MONEY RECORDS, INC. and/or REPUBLIC RECORDS, INC., for the creating, recording, selling, producing, marketing, performing and/or distributing of Defendants' infringing work/song "RICH SEX" and their album *"QUEEN"*.

122.    That at all relevant times herein mentioned, and upon information and belief, Defendant TOKYO NINJA, LLC additionally and/or alternatively houses various companies and copyright ownership interests owned and held by Defendant NICKI MINAJ that are related to her various music entertainment and other entrepreneurial ventures including, but not limited to, the creating, recording, selling, producing, marketing, performing and distributing of Defendants' infringing work/song "RICH SEX" and their album *"QUEEN"*.

123.    That at all relevant times herein mentioned, and upon information and belief, Defendant TOKYO NINJA, LLC received, and presently receives, holds, processed and/or distributes for Defendant NICKI MINAJ various forms and amounts of revenues, royalties, dividends and payments generated and received through transactions, partnerships, projects, and sales through and with various third party entities including, but not limited to, those generated and received through the creating, recording, selling, producing, marketing, performing and distributing of Defendants' infringing work/song "RICH SEX" and their album *"QUEEN"*.

124.    That at all relevant times herein mentioned, and upon information and belief, Defendant TOKYO NINJA, LLC is a corporation created, owned, operated, managed, governed,

controlled and/or established by Defendant NICKI MINAJ for the purposes of receiving, processing, holding and/or converting her contractual and/or non-contractual revenues and/or royalties earned and/or received by, gifted and/or otherwise granted to Defendant NICKI MINAJ in her capacity as a professional music entertainment artist including, but not limited to, such revenues generated and/or received by Defendants for/from the creating, recording, selling, producing, marketing, performing and distributing of Defendants' infringing work/song "RICH SEX" and their album *"QUEEN"*.

125.    That at all relevant times herein mentioned, and upon information and belief, Defendants, prior to Defendants' infringing work/song "RICH SEX" and album *"QUEEN"*, and were/are personally and professionally aware of the existence of Plaintiff, of Plaintiff's protected and copyrighted work/song *"RICH SEX"* and Plaintiff's lyrics, words, lyrical phrases and music/musical notes/beats/rhythm/arrangement contained therein and that Plaintiff is the author, composer, producer and creator of his protected and copyrighted work/song *"RICH SEX"*.

126.    That at all relevant times herein mentioned, and upon information and belief, Defendant UMG knew and/or had reason to know of, and/or managed, facilitated, governed, recommended, oversaw and/or controlled Defendant NICKI MINAJ'S agreement, contract, retainer, collaboration and/or musical collaboration/engagement with Defendants YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., CASH MONEY RECORDS, INC., REPUBLIC RECORDS, INC. and/or TOKYO NINJA, LLC, and/or with any other third parties, in all music, lyric and video creation, writing, composing, recording, arrangement and production for/of the songwriting, arrangement and production of Defendants' infringing work/song "RICH SEX" and the album *"QUEEN"*.

127.    That at all relevant times herein mentioned, and upon information and belief, Defendants concede/acknowledge that Plaintiff is the author, creator, songwriter, composer and producer for music and lyrics of the song *"RICH SEX"* including its lyrics, words, lyrical phrases and musical accompaniment, music, musical notes, beats and rhythm but, despite same, have failed to present date to properly, fully and/or duly compensate Plaintiff for Defendants' use, copying, taking, misappropriating and implementing Plaintiff's protected and copyrighted work/song *"RICH SEX"* into/in Defendants' infringing work/song "RICH SEX" and in their infringing album *"QUEEN"*.

128.    That at all relevant times herein mentioned, and upon information and belief, while Defendants concede/acknowledge that Plaintiff is the author, creator, songwriter, composer and producer for music and lyrics of the song *"RICH SEX"* including its lyrics, words, lyrical phrases and musical accompaniment, music, musical notes, beats and rhythm contained therein, which Defendants took and used in Defendants' infringing work/song "RICH SEX" and their album *"QUEEN"*, Defendants improperly credit other third parties including Defendant NICKI MINAJ as being a songwriter of Defendants' infringing work/song "RICH SEX".

129.    That at all relevant times herein mentioned, Defendants have exploited and continue to exploit and greatly profit from Defendants' infringement of Plaintiff's copyrighted work/song entitled *"RICH SEX"* in this jurisdiction, within the balance of all U.S. jurisdictions, throughout the international entertainment market and the world by reproducing, preparing derivative works, copying, distributing, selling, singing, licensing, publicly performing and/or otherwise exploiting Plaintiff's copyrighted work/song *"RICH SEX"*, and, by further, upon information and belief, marketing, selling, licensing, exploiting and/or distributing merchandise/merchandise products from Defendants' infringing use of Plaintiff's

protected/copyrighted work/song "*RICH SEX*" herein.

130. That at all relevant times herein mentioned, Defendants' infringement of Plaintiff's protected work, song, content, lyrics, words, lyrical phrases, music, musical arrangement, musical notes, musical beat and rhythm in his creative, unique and original song "*RICH SEX*", is continuing to present date as Defendants' infringing song "RICH SEX" and their infirming album "*QUEEN*" continue to be sold, publicly performed, distributed and/or licensed by Defendants herein, and, as Defendants, despite industry practice, never sought a license or permission from Plaintiff.

131. Defendants' infringement of Plaintiff's copyrighted work/song "*RICH SEX*" also includes, upon information and belief, Defendants' registering "RICH SEX" as search terms/ internet search engine terms and that Defendants have done so intentionally to manipulate search engines and search engine terms to Defendants' direct benefit and/or profit. That, upon information and belief, Defendants' registering of Plaintiff's unique, creative and original lyrics/phrase/title/lyrical phrase "*RICH SEX*" as search engine terms continues as an infringement of Plaintiff's protected work to present date.

132. That at all relevant times herein mentioned, Defendants' infringing acts herein include, but are not limited to, unlawfully creating, recording, manufacturing, producing, selling, publicly performing, concert touring, licensing, marketing, and/or distributing the musical composition and sound recording of Plaintiff's protected work/song/lyrics/music/musical notes/beat/rhythm/arrangement of/in Plaintiff's copyrighted song "*RICH SEX*" on/in Defendants' infringing song "RICH SEX" and their infringing album "*QUEEN*" which contains same infringing song by Defendants.

133. That at all relevant times herein mentioned, Defendants, upon information and belief, further unlawfully infringed upon Plaintiff's protected work/song "*RICH SEX*" and his

creative, original and unique lyrics, words, phrases, lyrical phrases, music, musical notes, musical arrangement, beat and rhythm contained in same by selling, marketing, licensing and/or distributing singles, Albums, CDs, DVDs, concerts, performances, merchandise/merchandise products and the like to exploit Plaintiff's protected work/song which includes, but is not limited to, selling Defendants' *"QUEEN"* album and its promotional release song "RICH SEX", making music videos using Plaintiff's protected work/song *"RICH SEX"* and/or by collaborating with other artists using Plaintiff's protected work/song *"RICH SEX"*.

134.    Defendants' infringement is the unlawful appropriation of Plaintiff's copyrighted material/work/song *"RICH SEX"* including Plaintiff's original, creative and unique lyrics, lyrical phrases, words, music, musical notes, musical arrangements/beats/rhythms contained in same.

135.    That at all relevant times herein mentioned, without seeking to obtain nor obtaining any form of advance permission, authority and/or consent from Plaintiff, upon information and belief, Defendants intentionally and unlawfully used Plaintiff 's original, creative and unique copyrighted material/work/song *"RICH SEX"* including Plaintiff's original, creative and unique lyrics, lyrical phrases, words, music, musical notes, musical arrangements/beats/rhythms contained in same, with purposeful knowledge and intent in unlawfully misappropriating same in order to establish an overarching, provocative and pervasive theme as evidenced by the ongoing significant success of Defendants' infringing "RICH SEX" and their album *"QUEEN"*.

136.    That at all relevant times herein mentioned, upon information and belief, Defendants' infringing song "RICH SEX", as the promotional song for Defendants' infringing album *"QUEEN"*, was immediately received and recognized as a theme song and mantra of sorts which propelled into meteoric success that is squarely attributable to the fact that legions of newfound fans throughout the world download, direct-request and zealously respond to live

performances of this song on a routine basis.

137.   That at all relevant times herein mentioned, upon information and belief, for this reason, Defendant NICKI MINAJ intentionally performs and continues to perform to present date Defendants' infringing song "RICH SEX" during nearly every single live performance/concert/concert tout by Defendant NICKI MINAJ.

138.   That at all relevant times herein mentioned, and upon information and belief, in 2018, through the individual and collective efforts of all of the Defendants, Defendant NICKI MINAJ collaborated with Rapper "Willie Wayne" to create Defendants' infringing work/song/version of Plaintiff's copyrighted work entitled *"RICH SEX"* and Defendant NICKI MINAJ, in furtherance of Defendants' individual and collective efforts, recorded, sold, distributed and made video recordings of Defendants' infringing work/song "RICH SEX".

139.   That at all relevant times herein mentioned, Defendants' infringing song "RICH SEX" was recorded and performed by Defendant NICKI MINAJ in collaboration with featured Rapper "Little Wayne", was released to the general public as a promotional single on June 11, 2018 and was released again as a song on Defendant NICKI MINAJ'S album entitled *"QUEEN"* that Defendants releases on August 10, 2018.

140.   That at all relevant times herein mentioned, Defendants individually and acting in concert with each other, continue to release, distribute and sell, to present date, to the public for sale both Defendants' infringing song "RICH SEX" and their infringing album *"QUEEN"* which contains/includes Defendants' infringing song 'RICH SEX".

141.   That at all relevant times herein mentioned, Defendants' infringing song "RICH SEX" copies, misappropriates, takes, uses, usurps, implements/places in its entirety and/or is substantially/strikingly similar to Plaintiff's copyrighted song *"RICH SEX"* including taking and

using Plaintiff's original, creative and unique lyrics, lyrical phrases, words, music, musical notes, musical arrangements/beats/rhythms/cadence/inflection contained in same and, further, Defendants' infringing song/version "RICH SEX" features/contains/uses/prominently features/repeats the same and/or substantially similar lyrical phrases, music, musical beats/notes/tempo as/from Plaintiff's copyrighted song *"RICH SEX"* including, but not limited to, the repeated chorus of/in Defendants' infringing song "RICH SEX".

142. That at all relevant times herein mentioned, Defendants', including but not limited to Defendant NICKI MINAJ'S, use/taking/copying/misappropriating Plaintiff's copyrighted original, unique and creative song, lyrics and music, entitled *"RICH SEX"* and placing/using same in Defendants' infringing song/version with the very same title "RICH SEX", is exactly the same and/or substantially and strikingly similar to Plaintiff's copyrighted work/song entitled *"RICH SEX"*.

143. That at all relevant times herein mentioned, and based upon the foregoing, in all, the infringed material belonging to Plaintiff accounts for approximately NINETY-FIVE TO NINETY-NINE PERCENT (95-99%), or more of the substantive content of Defendants' infringing version entitled 'RICH SEX" and, as such, Defendants' infringing version of 'RICH SEX" owes the basis of its chart-topping popularity and its highly-lucrative success to Plaintiff's copyrighted protected, unique, creative and original content/lyrics/lyrical phrases/song from Plaintiffs original, unique and creative musical composition entitled *"RICH SEX"* that Plaintiff wrote, created, authored, composed, arranged and produced in 2016 or earlier.

144. That at all relevant times herein mentioned, and upon information and belief, Defendants undoubtedly had access to Plaintiff's *"RICH SEX"* prior to writing, producing, distributing, selling and/or releasing Defendants' infringing song "RICH SEX" and their infringing

album *"QUEEN"* in 2018 that contains, uses, takes and misappropriates Plaintiff's copyrighted protected, unique, creative and original content/lyrics/lyrical phrases/song from Plaintiffs original, unique and creative musical composition entitled *"RICH SEX"* that Plaintiff wrote, created, authored, composed, arranged and produced in 2016 or earlier.

145.   That at all relevant times herein mentioned, and upon information and belief, in particular, Defendants concede access to Plaintiff's copyrighted protected, unique, creative and original content/lyrics/lyrical phrases/song from Plaintiffs original, unique and creative musical composition entitled *"RICH SEX"* that Plaintiff wrote, created, authored, composed, arranged and produced in 2016 or earlier as Plaintiff provided Defendant NICKI MINAJ with a copy of same and Defendants, individually and acting in concert with each other, credited Plaintiff, despite never receiving Plaintiff's permission, consent or authority to use/take Plaintiff's song *"RICH SEX"* and despite never compensating Plaintiff for same, as a Songwriter and/or Producer of Defendants' infringing version/song "RICH SEX".

146.   Further, based upon information and belief, in a number of public forums, Defendant NICKI MINAJ admitted that through her relationship with Plaintiff, she gained access to Plaintiff's work/song entitled *"RICH SEX"* including Plaintiff's copyrighted protected, unique, creative and original content/lyrics/lyrical phrases/song from Plaintiffs original, unique and creative musical composition that Plaintiff wrote, created, authored, composed, arranged and produced in 2016 or earlier.

147.   That at all relevant times herein mentioned, and upon information and belief, Defendants are seasoned music industry songwriters, artists, producers and industry professionals who are well-versed in the standard industry practices associated with the production of popular music. Defendants knew or should have known that they could not use/take and should not have

50

used/taken Plaintiff's copyrighted song *"RICH SEX"* without Plaintiff's consent, permission, authority, licensing and/or without properly/fully/duly compensating Plaintiff for same.

148.    That at all relevant times herein mentioned, and upon information and belief, Defendants' unlawful taking/using/misappropriating of Plaintiff's work/song entitled *"RICH SEX"* including Plaintiff's copyrighted protected, unique, creative and original content/lyrics/lyrical phrases/song from Plaintiffs original, unique and creative musical composition that Plaintiff wrote, created, authored, composed, arranged and produced in 2016 or earlier, did not deviate in any way, nor transform, from the syntactical uniqueness, creativeness and uniqueness of Plaintiff's copyrighted original, creative and unique song *"RICH SEX"* and its lyrics, lyrical phrases, music, musical compilation, musical notes, musical arrangements/beats/rhythms, cadence, inflection, words, title and/or themes and, as such, demonstrates Defendants' individual and/or collective willful,    malicious,    intentional    and    deliberate    efforts    to    unlawfully duplicate/copy/misappropriate/take/use Plaintiff's copyrighted song *"RICH SEX"* that Plaintiff wrote, authored, created, composed, arranged and produced for himself and/or his own single and/or album in 2016 or earlier.

149.    That at all relevant times herein mentioned, and upon information and belief, the Defendants knew that Plaintiff wrote, created, authored, arranged, composed and produced Plaintiff's copyrighted song *"RICH SEX"* and its lyrics, lyrical phrases, music, musical compilation, musical notes, musical arrangements/beats/rhythms, cadence, inflection, words, title and/or themes in 2016 or earlier and prior to Defendants' infringing version/song "RICH SEX" and their infringing album *"QUEEN"*.

150.    That at all relevant times herein mentioned, and upon information and belief, in addition to the unique, creative and original lyrics of Plaintiff's copyrighted song *"RICH SEX"*,

Defendants copied/infringed on Plaintiff's protected song by not only using the same title and lyrics/lyrical phrases, but also using/taking/copying/misappropriating Plaintiff's original, creative and unique accompanying/underlying music, musical notes, musical compilation, musical arrangement, musical notes, musical beats, musical rhythms, musical cadence and inflection from/of Plaintiff's copyrighted song *"RICH SEX"* and by placing/implementing/using same in their infringing song "RICH SEX".

151.    That at all relevant times herein mentioned, the combination of the substantial and striking similarities of both lyrics and accompanying/underlying music, musical notes, musical compilation, musical arrangement, musical notes, musical beats, musical rhythms, musical cadence and inflection form/of Plaintiff's copyrighted song *"RICH SEX"* of and between Plaintiff's copyrighted song *"RICH SEX"* and Defendants' infringing song "RICH SEX" goes beyond substantial and is liable to engender immediate recognition of copying by an observer that is familiar with and/or listens to both songs.

152.    That at all relevant times herein mentioned, and upon information and belief, musical misappropriations are considered so egregious in nature that even the industry's leading talents are not immune from becoming ensnared in content ownership feuds. For example, popular songstress Beyoncé has been involved in circumstances regarding alleged content theft, where such theft was taken seriously and, in some cases, resulted in presumably significant settlements in favor of the artist allegedly deprived of production credit or production compensation. This especially holds true when the subject material is covered by copyright protections.

153.    That at all relevant times herein mentioned, and upon information and belief, song writer Ricky Allen sued Beyoncé in Federal Court on December 10, 2009 for musical

misappropriation in connection with theft of his copyrighted song "*Cater 2 U*."[1] According to relevant documentation, Allen registered the copyright for "*Cater 2 U*" with the Copyright Office/Library of Congress in Washington, D.C., in 2000.[2] In 2004, Beyoncé's ladies-group, Destiny's Child, released a song entitled "*Cater 2 U*" featuring the same exact music, lyrics and song title, as the preexisting, copyrighted song Allen registered with the Library of Congress.[3] The wildly successful musical trio reportedly settled the claim with Allen out of court for an undisclosed figure.[4]

154.    That at all relevant times herein mentioned, and upon information and belief, another example is Beyoncé's song "*Hold Up*" which features lyrics from two previous copyrighted works – the Yeah Yeah Yeahs' "*Maps*"[5] and Soulja Boy's "*Turn My Swag On.*"[6] The chorus in "*Maps*" includes the lyrics: "Wait, they don't love you like a love you."[7] "*Hold Up*" riffs off of these lyrics with the chorus: "Hold up, they don't love you like I love you / Slow down, they don't love you like I love you / Back up, they don't love you like I love you / Step down, they don't love you like I love you."[8]

155.    That at all relevant times herein mentioned, and upon information and belief, Soulja Boy's "*Turn My Swag On*" includes the lyrics: "Hopped up out the bed turn my swag on / Took a look in the mirror said what's up" while "*Hold Up*" interpolates this lyric with: "I hop up out the

---

[1] The Judiciary Report, "Beyonce Steals Song again", *The Judiciary Report*, Nov. 10, 2009, http://www.judiciaryreport.com/beyonce_steals_song_again.htm.
[2] *Id.*
[3] Sam, "Beyonce Accused Of Song-Stealing; Due In Court Next Month?" ThatGrapeJuice.com, November 9, 2009, http://thatgrapejuice.net/2009/11/beyonce-accused-songstealing-due-court-month/.
[4] Essence, "Destiny's Child Settles 'Cater 2 U' Lawsuit," *Essence.com*, December 4, 2009, https://www.essence.com/2009/12/04/destinys-child-settles-cater-2-u-lawsuit.
[5] Payne, Chris, "Here's How Ezra Koenig Squeezed the Yeah Yeah Yeahs' 'Maps' Into Beyonce's 'Lemonade'," *Billboard*, April 4, 2016, https://www.billboard.com/articles/columns/rock/7348295/beyonce-lemonade-credit-hold-up-ezra-koenig-yeah-yeah-yeahs-vampire-weekend.
[6] Feature, "Soulja Boy Responds To Beyoncé's 'Turn My Swag On' Homage," *Genius*, June 9, 2016, https://genius.com/a/soulja-boy-responds-to-beyonces-turn-my-swag-on-homage.
[7] *Supra*, n. 8.
[8] *Id.*

53

bed and get my swag on / I look in the mirror, say, 'What's up?'"[9] Similar to how "*Shake if Off*" repeats the words "play," "hate," "break," and "fake" at the end of the phrase, the lyrics in "*Hold Up*" repeat the phrase "What's Up" three times at the end of the phrase.[10]

156.    That at all relevant times herein mentioned, and upon information and belief, even though "*Hold Up*" did not use the lyrics from "*Turn My Swag On*" or "*Maps*" verbatim, the use of the lyrics from both of these songs was still cleared in advance with the copyright owners. This demonstrates the industry standard practice to clear such lyrical similarities.

157.    That at all relevant times herein mentioned, and upon information and belief, despite this industry standard practice, Defendants never sought or contemplated to secure a license or other permission from Plaintiff herein and never obtained any permission, authority nor consent from Plaintiff herein.

158.    That at all relevant times herein mentioned, Defendants' infringing acts include, but are not limited to, unlawfully creating, recording, performing, manufacturing, producing, selling, licensing, marketing and/or distributing the musical composition and sound recording of Defendants' infringing version/song of Plaintiff's copyrighted work/song "*"RICH SEX"* that Defendants also entitled "RICH SEX" both as a promotional song for Defendant NICK MINAJ'S album entitled "*QUEEN*" as well as including same on Defendant NICKI MINAJ'S album entitled "*QUEEN*".

159.    That at all relevant times herein mentioned, Defendants' infringement amounts to the unlawful appropriation of Plaintiff's copyrighted song "*RICH SEX*" and Plaintiff's original, creative and unique accompanying/underlying lyrics, lyrical phrases, music, musical notes, musical compilation, musical arrangement, musical notes, musical beats, musical rhythms,

---

[9] *Supra*, n. 9.
[10] *Id.*

musical cadence and inflection contained therein.

160.    That at all relevant times herein mentioned, and upon information and belief, Defendants continue to exploit Plaintiff's copyrighted song "*RICH SEX*" to their significant financial enrichment and to the complete detriment and exclusion, financial and otherwise, of Plaintiff.

161.    That at all relevant times herein mentioned, and upon information and belief, since the release of Defendants' infringing song "RICH SEX" as a promotional song for Defendant NICKI MINAJ'S album entitled "*QUEEN*" and as a song contained in same album "*QUEEN*", Defendants profited and have continued to profit greatly from their infringing reproduction, copying, infringement, preparation, distribution, performances, licensing, sales, taking, using and misappropriating of Plaintiff's copyrighted song "*RICH SEX*" and Plaintiff's original, creative and unique accompanying/underlying lyrics, lyrical phrases, music, musical notes, musical compilation, musical arrangement, musical notes, musical beats, musical rhythms, musical cadence and inflection contained therein; to Defendants' significant financial enrichment and to the complete detriment and exclusion, financial and otherwise, of Plaintiff.

162.    That at all relevant times herein mentioned, and upon information and belief, the acclaimed success and continuing success of Defendant NICKI MINAJ'S infringing single/song "RICH SEX" and of her album "*QUEEN*" is attributed and/or substantially attributed to Plaintiff's copyrighted song "*RICH SEX*" as not only did Defendants use their infringing version/song bearing the same title "RICH SEX" as the **[o]nly** promotional song for Defendant NICKI MINAJ"S album "*QUEEN*" but, based on information and belief, many customers/consumers purchased and continue to purchase Defendant NICKI MINAJ"S album "*QUEEN*" because many customers/consumers want to hear/listen to Defendants' infringing version/song "RICH SEX"

which contains without Plaintiff's permission, consent and/or authority, Plaintiff's copyrighted song "*RICH SEX*" and Plaintiff's original, creative and unique title, lyrics, lyrical phrases, accompanying/underlying music, musical notes, musical compilation, musical arrangement, musical notes, musical beats, musical rhythms, musical cadence and inflection contained therein.

163.    That at all relevant times herein mentioned, and upon information and belief, the acclaimed success and continuing success of Defendant NICKI MINAJ'S infringing single/song "RICH SEX" and of her album "*QUEEN*" is attributed and/or substantially attributed to Plaintiff's copyrighted song "*RICH SEX*" and Plaintiff's original, creative and unique title, lyrics, lyrical phrases, accompanying/underlying music, musical notes, musical compilation, musical arrangement, musical notes, musical beats, musical rhythms, musical cadence and inflection contained therein and, as such, Plaintiff is further entitled to a significant and/or substantial portion of the revenues/income/profits earned and continuing to be earned from the sale/distribution/performance of Defendant NICKI MINAJ'S infringing single/song "RICH SEX" and of her album "*QUEEN*".

164.    That at all relevant times herein mentioned, and upon information and belief, Defendant NICKI MINAJ'S' popularity and earnings have dramatically increased by virtue of the popularization of the song "I ENDORSE THESE STRIPPERS" and by virtue of Defendants' infringing version/song "RICH SEX".   These two wildly popular songs have opened new doors of economic opportunity and have generated new streams of income and wealth for Defendants and for Defendant NICKI MINAJ individually through a variety of entertainment and media channels.

165.    That at all relevant times herein mentioned, and based upon information and belief, Defendant NICKI MINAJ'S' popularity, earnings and net worth have significantly increased since

the release of Defendants' infringing song "RICH SEX" as a single and as a promotional song for
and song contained in/on Defendant NICKI MINAJ'S album "*QUEEN*" and since the release of
Defendant NICKI MINAJ'S album entitled "*QUEEN*", and, a significant and/or substantial factor
of/to the foregoing is attributed to Plaintiff's copyrighted song "*RICH SEX*" and Plaintiff's
original, creative and unique title, lyrics, lyrical phrases, accompanying/underlying music, musical
notes, musical compilation, musical arrangement, musical notes, musical beats, musical rhythms,
musical cadence and inflection contained therein and, as such, Plaintiff is entitled to due
compensation for same.

166.    That at all relevant times herein mentioned, and upon information and belief,
Defendant NICKI MINAJ'S album entitled "*QUEEN*", which contains Defendants' infringing
song "RICH SEX" and for which Defendants' infringing song "RICH SEX" was the only
promotional single for same album "*QUEEN*", both of which were released by Defendants in
2018, are still presently released and available to the public for sale and are acclaimed with
worldwide commercial success, topping the charts in territories such as the United States, the
United Kingdom and have achieved international success across Europe, the Caribbean, Asia and
on the continent of Africa, and were/on the U.S. Billboard Hot 100.

167.    That at all relevant times herein mentioned, and upon information and belief,
Plaintiff is entitled to significant and/or substantial financial compensation as a result of
Defendants' infringing on Plaintiff's copyrighted work entitled "RICH SEX" as both the sale of
the Defendants' infringing version of "RICH SEX" as a promotional song for Defendant NICKI
MINAJ'S album "*QUEEN*" and the sale and acclaimed success of Defendant NICK MINAJ'S
album entitled "*QUEEN*" is and should be attributed to Plaintiff's copyrighted work that
Defendants unlawfully infringed upon.

168.   That at all relevant times herein mentioned, and upon information and belief, Defendants' infringing album *"QUEEN"*, containing Defendants' infringing song "RICH SEX", debuted at No. 2 on the U.S. Billboard 200 with 185,000 album equivalent units, of which 78,000 came from actual pure album sales.   See en.wikipedia.org>wiki>Queen_(Nicki_Minaj_album). Defendants' album *"QUEEN"* charted within the top 10 in major music markets, such as Belgium, Australia (debuted at No. 4), Canada (debuted at No. 2), Netherlands, Ireland, New Zealand, Norway, Switzerland and the United Kingdom (debuted at No. 5).   See id.; "Drake returns to #1 with Scorpion" (https://www.ariacharts.com.au/news/2018/drake-returns-to-1-with-scorpion); "Aretha's '30 Greatest Hits' has A Chart Comeback" (https://www.fyimusicnews.ca/articles/2018/08/20/arethas-30-greatest-hits-has-chart-comeback); "Super troupers! Mamma Mia's Motion Picture Cast Recording scores fourth week at Albums Chart top spot" (https://www.officialcharts.com/chart-news/super-troupers-mamma-mias-motion-picture-cast-recording-scores-fourth-week-at-albums-chart-top-spot_23674/).

169.   That at all relevant times herein mentioned, and upon information and belief, Defendants' infringing album *"QUEEN"* was certified Platinum by the RIAA in January 2019 for One million equivalent units in the U.S.   See en.wikipedia.org>wiki>Queen_(Nicki_Minaj_album);   "Gold & Platinum" (https://www.riaa.com/gold-platinum/).

170.   That at all relevant times herein mentioned, and upon information and belief, it is reported in the music industry that the Defendant's pre-release and pre-order sales of Defendants' infringing song "RICH SEX" as a promotional single for Defendant NICKI MINAJ'S album *"QUEEN"*, immediately hit the top of the music charts with pre-orders and not only left her fans "begging for more" but created an impression that the rest of her album *"QUEEN"* would surpass

expectations.  See Redwood Bark, (https://redwoodbark.org), "Nicki Minaj disappoints her noble fans with new album 'Queen'", September 25, 2018, Nahas, Sachi.

171.    That at all relevant times herein mentioned, and upon information and belief, Defendants' infringing song "RICH SEX" peaked at No.56 on the U.S. Billboard Hot 100 and No. 24 on the Hot R&B/Hip-Hop Song Chart.  See "Nicki Minaj Chart History (Hot 100)" (https://www.billboard.com/music/Nicki-Minaj/chart-history/hot-100);  "Nicki  Minaj  Chart History (hot R&B/Hip-Hop Songs)" (https://www.billboard.com/music/Nicki-Minaj/chart-history/r-b-hip-hop-songs).

172.    That at all relevant times herein mentioned, upon information and belief, on June 23, 2018, Defendant NICKI MINAJ performed Defendants' infringing song "RICH SEX" on the BET Awards which was nationally and internationally televised.  See Reed, Ryan (June 25, 2018): "Nicki  Minaj  Performs  Intense  'Chun  Li',  'Rich  Sex'  at  BET  Awards" (https://www.rollingstone.com/music/news/nicki-minaj-chun-li-rich-sex-bet-awards-w521913). That prior to performing Defendants' infringing "RICH SEX" on the BET Awards on June 23, 2018, upon information and belief, representatives on behalf of BET and/or on behalf of Defendants UMG, YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., CASH MONEY RECORDS, INC., REPUBLIC RECORDS, INC., NICKI MINAJ and/or TOKYO NINJA, LLC contacted Plaintiff seeking Plaintiff's permission, consent and/or authority for same Defendants to use, produce, provide and/or perform Defendants' infringing "RICH SEX", which contains Plaintiff's copyrighted song "*RICH SEX*" and Plaintiff's original, creative and unique title, lyrics, lyrical phrases, accompanying/underlying music, musical notes, musical compilation, musical arrangement, musical notes, musical beats, musical rhythms, musical cadence and inflection contained therein,

but Plaintiff denied, refused and/or did not provide any permission, consent and/or authority to the within Defendants nor to any representative for them nor to any representatives of/for BET for Defendants to perform same on the June 23, 2018 Bet Awards. That despite Plaintiff refusing, denying and not providing any consent, permission and/or authority for Defendants to use, provide, produce and/or perform "RICH SEX" on the June 23, 2018 BET Awards, Defendants infringed once again on Plaintiff's protected *"RICH SEX"* and Defendant NICKI MINAJ performed same on said BET Awards without Plaintiff's permission, consent and/or authority.

173.    That at all relevant times herein mentioned, upon information and belief, on June 24, 2018, Defendants' infringing music video for Defendants' infringing song "RICH SEX" received Ten Million One Hundred Seventy-Nine Thousand Five Hundred Forty (10,179,540) views on YouTube. See youtube.com/watch?v=coPL1KxtyRs.

174.    That at all relevant times herein mentioned, upon information and belief, Defendant NICKI MINAJ performed Defendants' infringing song "RICH SEX" throughout her concert tour performances for the "NICKI WRLD TOUR" of her album *"QUEEN"*, which began on February 21, 2019 in Munich. Germany and concluded on March 28, 2019 in Geneva, Switzerland and consisted of 19 concert shows. See en.wikipedia.org>wiki>The_Nicki_Wrld_Tour.

175.    That at all relevant times herein mentioned, upon information and belief, Defendant NICKI MINAJ's concert tour for the "NICKI WRLD TOUR" of her album *"QUEEN"*, throughout which she performed Defendants' infringing song "RICH SEX", generated over Fifty Million Dollars ($50,000,000.00) in revenue, income, sales, licenses, merchandising and/or profits.

176.    That based upon information and belief, Defendant NICKI MINAJ and/or her agents, servants, employees, licensees, affiliates and/or associates, acting on her behalf, has

engaged in the similar intentional and willful conduct of taking, using, misappropriating and/or otherwise unlawfully usurping the copyrighted and/or protected musical work, including taking and using the lyrics and vocal melody, of Tracy Chapman and Ms. Chapman's copyrighted/protected work/song entitled "Baby Can I Hold You" which Ms. Chapman released in 1988 and which Defendant NICKI MINAJ unlawfully used in Defendant NICKI MINAJ'S infringing song entitled "Sorry".

177.    That based upon information and belief, Defendant NICKI MINAJ and/or her agents, servants, employees, licensees, affiliates and/or associates, acting on her behalf, has engaged in the similar intentional and willful conduct of taking, using, misappropriating and/or otherwise unlawfully usurping the copyrighted and/or protected musical work, including taking and using the lyrics and vocal melody, of Tracy Chapman and Ms. Chapman's copyrighted/protected work/song entitled "Baby Can I Hold You" which Ms. Chapman released in 1988 and which Defendant NICKI MINAJ unlawfully used in Defendant NICKI MINAJ'S infringing song entitled "Sorry", and, did so despite being informed, advised and/or otherwise having direct knowledge that Ms. Chapman specifically denied Defendant NICKI MINAJ'S any permission, consent or authority to use/take same.

178.    That based upon information and belief, and as was nationally reported, Defendant NICKI MINAJ, having been sued by Ms. Chapman for Defendant NICKI MINAJ'S unlawful taking of Ms. Chapman's lyrics and vocal melody in/of Ms. Chapman's copyrighted/protected musical work/song entitled "Baby Can I Hold You", settled the action with Ms. Chapman for a reported Four Hundred Fifty Thousand Dollars ($450,000.00).

## Tokyo Ninja, LLC, Nicki Minaj and Jawara Headley/Brinx Billions Contract

179.    That at all relevant times herein mentioned, on or about August of 2012, Plaintiff

entered into a contract with Defendant TOKYO NINJA, LLC., a limited Liability Company that is/was owned, managed, operated and controlled by Defendant NICKI MINAJ, for the writing, musical composing, producing and/or otherwise creating a master recording/song entitled "I ENDORSE THESE STRIPPERS." (hereinafter "TOKYO NINJA contract").

180.    That at all relevant times herein mentioned, pursuant to the terms and condition of the TOKYO NINJA contract in exchange for Plaintiff's the writing, musical composing, producing and/or otherwise creating a master recording/song entitled "I ENDORSE THESE STRIPPERS", Defendant TOKYO NINJA, LLC., was and remain obligated to pay/compensate/provide Plaintiff with Fifteen Percent ownership/rights/privileges/entitlement and benefits of/from any and all revenues      generated      in      any      and      all      forms      from      the sale/distribution/marketing/licensing/performances and other compensation from generated from the song entitled "I ENDORSE THESE STRIPPERS".

181.    That at all relevant times herein mentioned, Plaintiff fulfilled all of his obligations and/or otherwise fully performed in accordance with the terms and conditions of Plaintiff's obligations under the TOKYO NINJA contract.

182.    That at all relevant times herein mentioned, Defendant NICKI MINAJ and Defendant TOKYO NINJA, LLC have conceded and acknowledged that Plaintiff has fulfilled all of his obligations and/or otherwise fully performed in accordance with the terms and/or conditions of Plaintiff's obligations under the TOKYO NINJA contract.

183.    That at all relevant times herein mentioned, Plaintiff's writing, musical composing, arranging, producing and/or otherwise creating the Master Recording/song entitled "I ENDORSE THESE STRIPPERS", is included as one of the songs on Defendant's NICKI MINAJ'S album entitled "PINK FRIDAY; ROMAN RELOADED-THE RE-UP" album which was released by

Defendants' YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., CASH MONEY RECORDDS, INC. and REPUBLIC RECORDS, INC., on November 19, 2012.

184.    That at all relevant times herein mentioned, from on or about November 19, 2012 and continuing to in or about the year 2017, Defendants NICKI MINAJ and/or Defendant TOKYO NINJA, LLC., through their owner/agent/servant/employee Defendant NICKI MINAJ, made marginal payments and/or payments in kind to Plaintiff for Plaintiff's services/work on the song "I ENDORSE THESE STRIPPERS".

185.    That at all relevant times herein mentioned, in or about the year 2017, Plaintiff demanded of Defendants NICKI MINAJ and/or TOKYO NINJA, LLC that same Defendants fully compensate Plaintiff under the terms and conditions of the TOKYO NINJA contract, including compensating Plaintiff with his Fifteen Percent ownership in/of/royalties for "I ENDORSE THESE STRIPPERS" and the revenues/income/profits generated from same song since its release.

186.    That at all relevant times herein mentioned, in or about the year 2017 Defendants NICKI MINAJ and/or TOKYO NINJA, LLC., through their owner/agent/servant/employee Defendant NICKI MINAJ, acknowledged to Plaintiff the debt they owe him under the terms and conditions of the TOKYO NINJA contract, to wit:    Plaintiff's entitled Fifteen Percent ownership/rights/privileges/entitlement/benefits/royalties    in/of/from    any    and    all revenues/income/profits    generated    in    any    and    all    forms    from    the sale/distribution/marketing/licensing/performances and other compensation generated from the song entitled "I ENDORSE THESE STRIPPERS", and they further acknowledged to Plaintiff that that same Defendants will pay same debt to him in the future.

187.     That at all relevant times herein mentioned, in or about the year 2017, Defendants NICKI MINAJ and/or TOKYO NINJA, LLC., through their owner/agent/servant/employee Defendant NICKI MINAJ, indicated to Plaintiff that Defendants NICKI MINAJ and TOKYO NINJA, LLC. would compensate/fully compensate Plaintiff for the debt which same Defendants acknowledged that they owe Plaintiff, consistent with the /terms and conditions of the TOKYO NINJA contract, from monies/income/revenue/profits and/or sales to be realized and received by same Defendants from Defendant NICKI MINAJ'S *"QUEEN"* album.

188.     That at all relevant times herein mentioned, in or about the year 2017, Defendants NICKI MINAJ and/or TOKYO NINJA, LLC., through their owner/agent/servant/employee Defendant NICKI MINAJ, intended to and did in fact induce Plaintiff to rely upon same Defendants' representation to Plaintiff that same Defendants would compensate/fully compensate Plaintiff for the debt which same Defendants acknowledged that they owe Plaintiff, consistent with the /terms and conditions of the TOKYO NINJA contract, from monies/income/revenue/profits and/or sales to be realized and received by same Defendants from Defendant NICKI MINAJ'S *"QUEEN"* album.

189.     That at all relevant times herein mentioned, in or about the year 2017, Plaintiff relied upon Defendants NICKI MINAJ'S and/or TOKYO NINJA, LLC'S, through their owner/agent/servant/employee Defendant NICKI MINAJ, representation to Plaintiff in which they acknowledged to Plaintiff the debt same Defendants owe to him under the TOKYO NINJA contract and Plaintiff further relied upon same Defendants' material representation that same Defendants would pay and/or compensate/fully compensate Plaintiff for the outstanding debt they owed to Plaintiff under the terms and conditions of the TOKYO NINJA contract, from

monies/income/revenues/profits and/or sales to be realized and received by same Defendants from Defendant NICKI MINAJ'S "*QUEEN*" album.

190.    That at all relevant times herein mentioned, Defendants individually and/or acting in concert with each other, released Defendant NICKI MINAJ'S album "*QUEEN*" on or about August 10, 2018 and, based upon information and belief, Defendants individually and/or collectively have realized and received significant income/revenues/profits from the sale of same album, singles, merchandising, videos, DVDs, CDs, concerts and the like--particularly, including from the release and sale of Defendants' infringing song "RICH SEX" but, to date, despite repeated demands/requests from Plaintiff after August 10, 2018 and continuing to date, Defendants NICKI MINAJ and/or TOKYO NINJA, LLC., through their owner/agent/servant/employee Defendant NICKI MINAJ, have refused to pay the debt to Plaintiff that both Defendants have acknowledged and have promised pay him under and pursuant to the TOKYO NINJA contract.

191.    That at all relevant times herein mentioned, per the terms and conditions of the TOKYO NINJA contract, Plaintiff and Defendants NICKI MINAJ and/or TOYKO NINJA, LLC. herein have agreed that the TOKYO NINJA, LLC contract: "SHALL BE GOVERNED AND CONSTRUED UNDER THE LAWS AND JUDICIAL DECISIONS OF THE STATE OF NEW YORK ... ALL CLAIMS, DISPUTE OR BREACH OF THIS AGREEMENT SHALL BE SUBMITTED EXCLUSIVELY TO THE JURISDICTION OF THE STATE COURTS OF THE STATE OF NEW YORK OR THE UNITED STATES DISTRICT COURTS LOCATED IN NEW YORK CITY."

## JURISDICTION

192.    This Court has original subject matter jurisdiction pursuant to the Copyright Act, 17 U.S.C. § 101 *et. seq.*, 28 U.S.C. § 1331 (Federal question jurisdiction), and § 1338(a) and (b)

jurisdiction over copyright actions), and § 1332 as an action between citizens of different states and/or where the amount in controversy exceeds the jurisdictional amount required to grant this Court jurisdiction. Federal Jurisdiction is further predicated on federal trademark law, contractual agreement and as the location of the tort and/or harm/financial damages that was visited upon Plaintiffs through the acts and conducts of Defendants. This Court has subject matter jurisdiction herein pursuant to 28 U.S.C. §1388(a) because of this Court's exclusive jurisdiction over copyright cases.

193.    This Court further has personal jurisdiction over the Defendants in that Defendants are conducting and have conducted business in the State of New York and in the within District of this Court. See N.Y.C.P.L.R. § 301. All Defendants have transacted business within New York and contracted to supply goods and services in New York in connection with the matters giving rise to this suit. Id. § 302(a)(1). Defendants have also committed infringing acts outside of New York causing injury to the Plaintiff in New York and Defendants regularly do or solicit business in New York and/or expect or reasonably should expect their infringing and/or breach of contract conduct to have consequences in New York. Through their infringing acts and/or breach of contract acts against Plaintiff outside of New York, Defendants expect and/or reasonably should expect to derive substantial revenue from interstate commerce. Id. § 302(a)(3); N.Y.U.D.C. § 404.

194.    This Court further has Jurisdiction over Defendants ONIKA MARAJ, a/k/a NICKI MINAJ and Defendant TOKYO NINJA, LLC as both Defendants have contracted, consented to and/or agreed to be subjected to the Jurisdiction of this Court, in whole or in part, relative to the matters giving rise to the Cause(s) of Action herein as per their Contract with Plaintiff.

195.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate Plaintiff's Pendent State claims herein.

## VENUE

196.    Venue is proper pursuant to 28 U.S.C. § 1400(a) because the Defendants reside or may be found within this district and personal jurisdiction may be properly obtained over the Defendants.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

## COPYRIGHT INFRINGEMENT IN VIOLATION OF THE COPYRIGHT ACT OF 1976, 17 USC §§101 *ET. SEQ., 101-122 ET. SEQ., 501-513 ET. SEQ.*

197.    Plaintiff repeats, reiterates, re-asserts, re-alleges and restates each and every allegation, general allegation and factual allegation set forth in paragraphs of the Complaint numbered "1" to "196" with the same force and effect as if more fully set forth at length herein.

198.    That at all relevant times herein mentioned, Plaintiff Headley's original, creative and unique composition, and copyrighted/protected work/song, *"RICH SEX"* contains copyrightable subject matter including, but not limited to, Plaintiff's lyrics, words, phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained in plaintiff's *"RICH SEX"* under the copyright laws of the United States.

199.    That at all relevant times herein mentioned, Plaintiff was/is the owner of the copyright to *"RICH SEX"* which is the subject of a valid Certificate of United States Copyright Registration issued by the United States Register of Copyrights.

200.    That at all relevant times herein mentioned, Plaintiff's original, creative and unique work/song *"RICH SEX"*, and its lyrics, words, phrases, music, musical notes, musical arrangement, musical beats and musical rhythm contained therein, is/are properly the subject of copyright protection.    That at all relevant times herein mentioned, among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the copyrighted materials to the public and prepare derivative works.

201.    That at all relevant times herein mentioned, and upon information and belief, Defendants took and have continued to take, use, usurp, copy and publicly perform Plaintiff's copyrighted material/work/song *"RICH SEX"* as a single, as a promotional single and as part of/the promotional single for Defendants' album *"QUEEN"*. Defendants have further authorized the making, sale and/or distribution of singles, albums, records, CDs, DVDs and/or concert performances and the like, substantially utilizing and taking Plaintiff's copyrighted material/work/song *"RICH SEX"* throughout the world including, but not limited to, the making, sale and distribution of Defendants' album *"QUEEN"* and the making, sale and/or distribution of Defendants' infringing *"RICH SEX"* as a single in and as the promotional single for Defendants' album *"QUEEN"*.

202.    That at all relevant times herein mentioned, Defendants' infringing *"RICH SEX"*, as a single in and as the promotional single for Defendants' infringing album *"QUEEN"*, substantially and significantly contributed to the overall sales, revenues and profits generated, income generated, and, overall acclaimed success of Defendants' infringing album *"QUEEN"* as most consumers only purchased Defendants' infringing album *"QUEEN"* based upon the release and success of Defendants' infringing promotional release single "RICH SEX" and, as such, Plaintiff is lawfully entitled to a substantial and significant portion of the income, revenues and profits made and generated from not only Defendants' infringing song *"RICH SEX"* but also from their infringing album *"QUEEN"*.

203.    That at all relevant times herein mentioned, and upon information and belief, Defendants' taking, using and exploitation of Plaintiff's *"RICH SEX"* was made/done without Plaintiff's knowledge or consent and constitutes a brazen violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

204.    That at all relevant times herein mentioned, and upon information and belief, Defendants' foregoing acts of infringement have been willful, intentional, in disregard for and indifferent to Plaintiff's rights herein.

205.    That at all relevant times herein mentioned, and upon information and belief, Defendants have profited substantially from their infringing activities, have collected and continue to collect income, revenue, profits, fees and/or royalties from the sale of the infringing work "*RICH SEX*", their infringing album "*QUEEN*" and/or from any derivatives thereof, and have been unjustly enriched as they have retained a portion of same income, revenue, profits, fees and/or royalties without submitting any amount to Plaintiff.  Defendants should be held jointly and severally liable for all profits derived as a result of their infringing activities, whether or not collected and retained by them, as practical partners.

206.    That at all relevant times herein mentioned, and upon information and belief, Defendants  UMG was/is contractually engaged in the production, manufacture and world-wide distribution of music works written and/or produced by Defendants NICKI MINAJ, YOUNG MONEY ENTERTAINMENT, LLC d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., CASH MONEY RECORDS, INC., REPUBLIC RECORDS, INC. and/or TOKYO NINJA, LLC under and pursuant to their respective artist-label and/or parent label-subsidiary label and/or parent label-label department relationships with Defendant UMG including, but not limited to, Defendants' infringing work/song "RICH SEX" and their infringing album "*QUEEN*" herein.

207.    That at all relevant times herein mentioned, and upon information and belief, Plaintiff's work was taken, used, copied and misappropriated by Defendants without the opportunity for Plaintiff to agree to confer the benefit of consent to Defendants to copy, use, take,

implement and/or create derivative songs/lyrics/works from Plaintiff's unique, original and creative copyrighted work *"RICH SEX."*

208.   That at all relevant times herein mentioned, and upon information and belief, Defendant UMG knew or should have known of Defendants NICKI MINAJ'S, YOUNG MONEY ENTERTAINMENT, LLC's d/b/a, p/k/a, a/k/a and/or f/k/a YOUNG MONEY ENTERTAINMENT, INC., CASH MONEY RECORDS, INC.'S, REPUBLIC RECORDS, INC.'S and/or TOKYO NINJA, LLC'S writing, creation and production of Defendants' infringing " RICH SEX" and that it contained, took, used, usurped, misappropriated and implemented Plaintiff Headley's original, unique and creative protected lyrics/music/content/song *"RICH SEX"* without Plaintiff's knowledge, consent, permission and authority, and, without due and lawful credit and/or compensation to Plaintiff for same.

209.   That at all relevant times herein mentioned, and upon information and belief, as a direct result of the writing, creation, production, release, marketing, promoting, sales, performances and/or distribution of Defendants' infringing " RICH SEX" and their infringing album *"QUEEN"*, Defendants herein received and accepted, and continue to receive and accept to present date, financial enrichment, financial gains, financial profits, monies, income and/or revenues from the writing, production, sale and world-wide distribution of Defendants' infringing " RICH SEX" and their infringing album *"QUEEN"*, and, further receive and continue to receive same unjustly and to the financial detriment and expense of Plaintiff as set forth herein.

210.   That at all relevant times herein mentioned, and upon information and belief, Defendants are/were contractually, professionally and financially enriched by the musical works written, conceptualized, produced and/or performed by Defendants including enriched by Defendants' infringing "RICH SEX" and their infringing album *"QUEEN"* herein.

211.    That at all relevant times herein mentioned, and upon information and belief, the Defendants knew and/or should have known of the substantial similarities with the lyrics and accompanying music, musical notes, musical arrangement, musical beat and musical rhythm of and between Plaintiff's *"RICH SEX"* and Defendants' infringing "RICH SEX" that is contained in, used in, taken, copied, misappropriated and implemented by Defendants in Defendants' infringing "RICH SEX".

212.    That at all relevant times herein mentioned and, upon information and belief, Defendants wrote, created, produced, composed, cleared, approved, released, promoted, marketed, distributed, manufactured and sold Defendants' infringing "RICH SEX" and their infringing album *"QUEEN"* to the complete contractual, professional and financial exclusion, detriment and expense of Plaintiff as set forth herein.

213.    That at all relevant times herein mentioned, and upon information and belief, Defendants wrote, created, produced, composed, cleared, approved, released, promoted, marketed, distributed, manufactured, sold and/or performed Defendants' infringing "RICH SEX" and their infringing album *"QUEEN"* in a total exclusionary fashion, at Plaintiff's expense, to Defendants' unjust enrichment, and, contrary to Plaintiff's exclusive rights to reproduce and distribute the copyrighted materials to the public and to authorize derivative works under copyright law to/for Plaintiff's own benefit/financial benefit.

214.    That at all relevant times herein mentioned, and upon information and belief, Defendants have continued to release, promote, market, distribute, manufacture, sell and/or perform Defendants' infringing "RICH SEX" and their infringing album *"QUEEN"* while unjustly receiving, and continuing to receive to present date, perpetual financial unjust enrichment from Plaintiff's unique, creative, original and copyrighted material/song/work *"RICH SEX"* at

71

Plaintiff's expense and to his financial detriment.

215.    That at all relevant times herein mentioned, and upon information and belief, Defendants have continued to further authorize and execute the manufacturing of and world-wide distribution of all medium formats of Defendants' infringing "RICH SEX" and their infringing album *"QUEEN"* including, but not limited to: singles, albums, records, CDs, DVDs and/or concert performances and the like, substantially utilizing, taking, copying and misappropriating Plaintiff's unique, original, creative and copyrighted material/work/song *"RICH SEX"* in and as part of Defendants' infringing "RICH SEX" and their infringing album *"QUEEN"* throughout the world to present date.

216.    That at all relevant times herein mentioned, and upon information and belief, Plaintiff's work/song was misappropriated by Defendants without the opportunity for Plaintiff to agree to confer the benefit of consent to Defendants to copy, use, take, implement and/or create derivative songs/lyrics/works from Plaintiff's unique, original and creative copyrighted work *"RICH SEX."*

217.    That at all relevant times herein mentioned, and upon information and belief, Defendants knew of Plaintiff, knew of Plaintiff's original, unique and creative work/song *"RICH SEX"* and of its lyrics, words, phrases, music, accompanying music, musical notes, musical arrangement, musical beat and musical rhythm, and had access to same, when Defendants intentionally took, used, implemented, copied, usurped and misappropriated same and intentionally placed/implemented/used/copied same in Defendants' infringing "RICH SEX", and in their infringing album *"QUEEN"*, when they wrote, created, composed, produced, cleared, approved, released, marketed, promoted, manufactured, distributed, sold and performed Defendants' infringing "RICH SEX" and their infringing album *"QUEEN"*.

218.    That at all relevant times herein mentioned, and upon information and belief, the Defendants wrote, created, produced, composed, cleared, approved, released, promoted, marketed, distributed, manufactured and sold Defendants' infringing "RICH SEX" and their infringing album *"QUEEN"* to the complete contractual, professional and financial exclusion, detriment and expense of Plaintiff as set forth herein.

219.    That at all relevant times herein mentioned, and upon information and belief, Defendants have willfully and intentionally continued to receive unjust financial enrichment from its perpetual use, taking, copying, misappropriating and exploitation of Plaintiff's *"RICH SEX"* without Plaintiff's knowledge or consent, at his expense and to his financial detriment which constitutes a violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

220.    That at all relevant times herein mentioned, and upon information and belief, Defendants' foregoing acts of infringement have been willful, intentional and in deliberate disregard for Plaintiff's rights granted under copyright law.

221.    That at all relevant times herein mentioned, Defendants' infringing "RICH SEX" is substantially and strikingly similar to Plaintiff's protected, original, creative and unique work/song *"RICH SEX"* and to Plaintiff's original, unique and creative song/work, content, lyrics, words, lyrical phrases and accompanying music, musical notes, musical arrangement, musical beat and musical rhythm contained therein.

222.    That at all relevant times herein mentioned, Defendants' infringing "RICH SEX" is not transformative and is not fair use of Plaintiff's protected work/song *"RICH SEX"* and to Plaintiff's original, unique and creative, song/work, content, lyrics, words, lyrical phrases and accompanying music, musical notes, musical arrangement, musical beat and musical rhythm contained therein.

73

223.    That at all relevant times herein mentioned, Defendants knew of and had access to Plaintiff's protected work/song *"RICH SEX"* and to Plaintiff's original, unique and creative, song/work, content, lyrics, words, lyrical phrases and accompanying music, musical notes, musical arrangement, musical beat and musical rhythm contained therein when they copied, took, used, misappropriated and implemented same in their infringing work/song "RICH SEX" and their infringing album *"QUEEN"*.

224.    That at all relevant times herein mentioned, and upon information and belief, Defendants have been and continue to be unjustly enriched with millions of dollars in revenues, profits, royalties and otherwise garnered in the world-wide production and world-wide distribution of Defendants' infringing "RICH SEX" and their infringing album *"QUEEN"* at Plaintiff's expense, to his financial detriment and in violation of Plaintiff's rights under copyright law.

225.    That at all relevant times herein mentioned, and upon information and belief, it is against equity and good conscience to permit the Defendants herein to retain the ill-obtained financial unjust enrichments gained and received by Defendants and sought by Plaintiff for recovery under this action herein.

226.    That at all relevant times herein mentioned, as a result of Defendants' willful, intentional and malicious infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c) and/or to recover as his damages, Defendants' actual profits and profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), at Plaintiff election, and, to such other relief as is provided by laws. Plaintiff is further entitled to their attorney's fees and full costs pursuant to 17 U.S.C. § 505.

227.    That at all relevant times herein mentioned, and upon information and belief, the

conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiff has no adequate remedy at laws.

228.    That at all relevant times herein mentioned, pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyrights and ordering Defendants to destroy all copies of the infringing work and/or other material made in violation of Plaintiff's exclusive rights.

229.    That at all relevant times herein mentioned, Plaintiff is entitled to damages including, but not limited to, the disgorgement of profits received from the creation of, production of, marketing of, promoting of, releasing of, selling of, manufacture of, world-wide sale of, world-wide distribution of and world-wide performance by Defendants' infringing "RICH SEX", and their infringing album *"QUEEN"*, which unlawfully uses, takes, copies, implements and misappropriates Plaintiff's original, creative and unique copyrighted work/song *"RICH SEX"* and its lyrics, words, phrases, music, accompanying music, musical notes, musical arrangement, musical beat and musical rhythm.

230.    That as a direct and proximate result of Defendants' violation of Plaintiff's rights under the Copyright Act of 1976, Plaintiff claims damages herein in the amount of ONE HUNDRED MILLION DOLLARS ($100,000,000.00).

231.    That as a direct and proximate result of Defendants' violation of Plaintiff's rights under the Copyright Act of 1976, Plaintiff further prays for relief as follows:

a.      For a judicial determination that Plaintiff's copyright has been infringed upon by Defendants;

b.  For injunctive relief against Defendants, jointly and severally, enjoining Defendants from continuing to infringe on Plaintiff's copyright/protected work/song entitled *"RICH SEX"* and its content/lyrics/music/musical notes/musical arrangement/beats/rhythm including, but not limited to, enjoining Defendants from releasing, selling, distributing and/or performing Defendants' infringing "RICH SEX" in any forum, fashion or manner;

c.  For damages against Defendants, jointly and severally, in the amount of ONE HUNDRED MILLION DOLLARS ($100,000,000.00) and/or in such an amount as may be found, or as otherwise permitted by laws;

d.  For attorney's fees and costs pursuant to 17 U.S.C. §505; and

e.  For any such other and further relief as the Court may deem just and proper.

## PENDENT STATE CLAIMS
## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS ONIKA MARAJ, a/k/a NICKI MINAJ and TOKYO NINJA, LLC
## BREACH OF CONTRACT

232.  Plaintiff repeats, reiterates, reasserts, re-alleges and restates each and every allegation, general allegation and factual allegation contained in paragraphs of the Complaint numbered "1" to "231" with the same force and effect as if more fully set forth at length herein.

233.  That at all relevant times herein mentioned, on or about August of 2012, Plaintiff entered into a contract with Defendant TOKYO NINJA, LLC. which is/was owned, managed, operated and controlled by Defendant NICKI MINAJ, for the writing, musical composing, producing and/or otherwise creating a master recording/song entitled "I ENDORSE THESE STRIPPERS."

234.  That at all relevant times herein mentioned, pursuant to the terms and condition of the TOKYO NINJA contract, in exchange for Plaintiff's writing, musical composing, producing

and/or otherwise creating a master recording/song entitled "I ENDORSE THESE STRIPPERS",
Defendant TOKYO NINJA, LLC. was and remains obligated to pay/compensate/provide Plaintiff
with Fifteen Percent ownership/rights/privileges/entitlement/benefits and/or royalties of/from any
and all revenues, income, profits and the like generated in any and all forms from the
sale/distribution/marketing/licensing/performances/merchandising and/or any other compensation
generated from the song entitled "I ENDORSE THESE STRIPPERS".

235.    That at all relevant times herein mentioned, Plaintiff fulfilled all of his obligations
and/or otherwise fully performed in accordance with the terms and conditions of Plaintiff's
obligations under the TOKYO NINJA contract.

236.    That at all relevant times herein mentioned, Defendants NICKI MINAJ and
Defendant TOKYO NINJA, LLC have conceded and acknowledged that Plaintiff has fulfilled all
of his obligations and/or otherwise fully performed in accordance with the terms and/or conditions
of Plaintiff's obligations under the TOKYO NINJA contract.

237.    That at all relevant times herein mentioned, "I ENDORSE THESE STRIPPERS",
is included as one of the songs on Defendant's NICKI MINAJ'S album entitled "PINK FRIDAY;
ROMAN RELOADED-THE RE-UP" which was released by Defendants YOUNG MONEY
ENTERTAINMENT, LLC   d/b/a,   p/k/a,   a/k/a   and/or   f/k/a   YOUNG   MONEY
ENTERTAINMENT, INC., CASH MONEY RECORDDS, INC. and REPUBLIC RECORDS,
INC. on November 19, 2012.

238.    That at all relevant times herein mentioned, from on or about November 19, 2012
and continuing to in or about the year 2017, Defendants NICKI MINAJ and/or TOKYO NINJA,
LLC., through and/or by Defendant NICKI MINAJ, made marginal payments and/or payments in
kind to Plaintiff for Plaintiff's services/work on the song "I ENDORSE THESE STRIPPERS" but,

to present date, in breach of the TOKYO NINJA contract, have failed to fully compensate Plaintiff for same despite Plaintiff's repeated and continuing requests to be so fully compensated.

239.    That at all relevant times herein mentioned, in or about the year 2016 to 2017, Plaintiff demanded of Defendant NICKI MINAJ and/or of Defendant TOKYO NINJA, LLC that same Defendants should fully compensate Plaintiff under the terms and conditions of the TOKYO NINJA contract including compensating Plaintiff with Plaintiff's contractual Fifteen Percent ownership in/of/royalties for "I ENDORSE THESE STRIPPERS" and of all revenues, income, profits and the like generated from same song since its release and continuing.

240.    That at all relevant times herein mentioned, as of present date, Defendants NICKI MINAJ and TOKYO NINJA, LLC, despite the TOKYO NINJA contract and despite Plaintiff's repeated and continuing demands, have failed and/or refused to fully compensate Plaintiff with his Fifteen Percent ownership/rights/privileges/entitlement/benefits and/or royalties of/from any and all revenues, income, profits and the like generated in any and all forms from the sale/distribution/marketing/licensing/performances/merchandising and/or any other compensation generated from the song entitled "I ENDORSE THESE STRIPPERS".

241.    That at all relevant times herein mentioned, upon information and belief, "I ENDORSE THESE STRIPPERS" has garnered Defendants great success and generated substantial income, revenue and profits from which, up to present date, Plaintiff is entitled to his Fifteen Percent ownership/rights/privileges/entitlement/benefits and/or royalties therefrom but, despite same, Defendants, individually and acting in concert with each other, have failed/refused to tender to Plaintiffs the royalties/compensation/ownership rights/ownership interest/ownership revenue/profit due and owing to Plaintiff pursuant to the TOKYO NINJA contract from each and every sale of each and every album and each and every single and each and every performance of

"I ENDORSE THESES STRIPPERS", and/or the album entitled "PINK FRIDAY; ROMAN RELOADED-THE RE-UP", from the inception of the TOKYO NINJA contract and continuing to present date.

242.   That at all relevant times herein mentioned, upon information and belief, "I ENDORSE THESE STRIPPERS" was a leading single on Defendant NICKI MINAJs' album entitled "PINK FRIDAY; ROMAN RELOADED-THE RE-UP" and was a substantial and significant factor in the success and financial success of same album from which Plaintiff is entitled to his Fifteen Percent ownership/rights/privileges/entitlement/benefits and/or royalties therefrom.

243.   That at all relevant times herein mentioned, Defendant NICKI MINAJ'S album entitled "PINK FRIDAY; ROMAN RELOADED-THE RE-UP" garnered great success and financial success including, but not limited to, debuting at #1 on Billboard 200.

244.   That at all relevant times herein mentioned, Defendant NICKI MINAJ performed concerts/concert tours for her album entitled "PINK FRIDAY; ROMAN RELOADED-THE RE-UP" for which she performed "I ENDORSE THESE STRIPPERS" and, upon information and belief, Defendant NICKI MINAJ'S "PINK FRIDAY; ROMAN RELOADED-THE RE-UP" concert tour, upon information and belief, grossed over Fifty Million Dollars from which Plaintiff is entitled to his Fifteen Percent ownership/rights/privileges/entitlement/benefits and/or royalties of/from any and all revenues, income, profits and the like generated in any and all forms from the sale/distribution/marketing/licensing/performances/merchandising and/or any other compensation generated from the song entitled "I ENDORSE THESE STRIPPERS".

245.   That at all relevant times herein mentioned, upon information and belief, many consumers purchased Defendant NICKI MINAJ's album entitled "PINK FRIDAY; ROMAN

RELOADED-THE RE-UP" and/or purchased concert tour tickets because of and/or solely because of the single/song "I ENDORSE THESE STRIPPERS".

246.    That at all relevant times herein mentioned, per the terms and conditions of the TOKYO NINJA contract, Plaintiff and Defendants NICKI MINAJ and/or TOYKO NINJA, LLC. have agreed that the TOKYO NINJA, LLC Contract: "SHALL BE GOVERNED AND CONSTRUED UNDER THE LAWS AND JUDICIAL DECISIONS OF THE STATE OF NEW YORK ... ALL CLAIMS, DISPUTE OR BREACH OF THIS AGREEMENT SHALL BE SUBMITTED EXCLUSIVELY TO THE JURISDICTION OF THE STATE COURTS OF THE STATE OF NEW YORK OR THE UNITED STATES DISTRICT COURTS LOCATED IN NEW YORK CITY."

247.    That at all relevant times herein mentioned, Defendants NICKI MINAJ and/or TOYKO NINJA, LLC have, without Plaintiffs' consent, withheld the monies, income, revenues, profits and/or royalties due and owing to Plaintiff herein from the inception of the TOKYO NINJA contract and continuing to present date.

248.    That at all relevant times herein mentioned, Defendants NICKI MINAJ and/or TOYKO NINJA, LLC. wrongfully and unlawfully continue to withhold the monies, profits, revenues, income and/or royalties that rightfully and lawfully are the property of Plaintiff from the inception of the TOKYO NINJA contract and continuing to present date.

249.    That the limitations on liability set forth in CPLR §1601 do not apply to this action by reason of one or more of the exemptions set forth in the CPLR §1602.

250.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

251.    That at all relevant times herein mentioned, as a direct and proximate result of

Defendants NICKI MINAJ and TOKYO NINJA, LLC's breach of the TOKYO NINJA Contract, Plaintiff has been damaged and claims damages herein in the amount of TEN MILLION DOLLARS ($10,000,000.00).

**WHEREFORE**, Plaintiff prays for judgment against all Defendants, jointly and severally, and prays for the following damages and relief against Defendants as follows:

1.    Damages in Excess of the jurisdictional limits of this Honorable Court in an amount to be determined at trial by jury;

2.    Compensatory Damages in an amount to be determined at trial by jury;

3.    Consequential Damages in an amount to determined at trial by jury;

4.    Compensatory and/or Consequential Damages in the Amount of ONE HUNDRED MILLION DOLLARS ($100,000,000.00) against all Defendants jointly and severally as set forth in Plaintiff's First Cause of Action;

5.    Compensatory and/or Consequential Damages in the Amount of TEN MILLION DOLLARS ($10,000,000.00) against Defendants NICKI MINAJ and TOKYO NINJA, LLC, jointly and severally as set forth in Plaintiff's Second Cause of Action;

6.    Post Judgment interest;

7.    A Temporary Injunction against all Defendants until a final decision can be had in this case;

8.    A Permanent Injunction against all Defendants;

9.    A Constructive Trust against all Defendants;

10.    An Accounting against all Defendants;

11.    Attorneys' fees and costs as authorized by contract and/or by applicable Federal

and/or State Laws/Statutes including, but not limited to the Copyright Act of 1976, 17 USC Section 101, *et. seq.*;

12.     All remedies including monetary, injunctive and/or declaratory available to Plaintiff pursuant to the Copyright Act of 1976, 17 USC Section 101, *et. seq.*;

13.     Punitive Damages and/or Increased Punitive Statutory Damages; and

14.     Such other relief as this Honorable Court may deem just and proper, in law or in equity.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

**ALL CONDITIONS PRECEDENT HAVE BEEN MET, HAVE BEEN PERFORMED AND/OR HAVE BEEN WAIVED.**

Dated:  March 18, 2021

                        Respectfully Submitted By:


                        /s/ Stephen L. Drummond, Esq. (SLD 7359)
                        /s/  JoAnn Squillace, Esq. (JS 4217)
                        DRUMMOND & SQUILLACE, PLLC
                        Attorneys for Plaintiff JAWARA HEADLEY
                        a/k/a and p/k/a BRINX BILLIONS
                        175-61 Hillside Avenue, Suite 205
                        Jamaica, New York 11432
                        (718) 298-5050; (718) 298-5554(fax)
                        sdrummond@dswinlaw.com
                        jsquillace@dswinlaw.com

## ATTORNEY'S VERIFICATION

STEPHEN L. DRUMMOND, an attorney duly admitted to practice law in the State of New York affirms the truth of the following:

I am an Attorney for the Plaintiff in the action within; I have read the foregoing Amended Complaint and Jury Demand and know its contents; the same is true to my knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.  The reason that this Verification is not made by Plaintiff and is made me is that Plaintiff is not presently in the County where I maintain my offices.

DATED:     JAMAICA, NEW YORK
           March 18, 2021


                                        /S/ STEPHEN L. DRUMMOND